J. H. SPARKS, Appellant, v. THE VILLA ROSA LAND COMPANY, Respondent.

Kansas City Court of Appeals, April 27, 1903.

1. Taxbills: CONTRACT: CONSTRUCTION: EXTENSION: DELEGATION OF AUTHORITY. A contract for grading a street provided that hindrances would entitle the contractor to an extension for completing the contract sufficient to compensate him for the detention. *Held*, the contractor if hindered was entitled to an extension, and the fact that the city engineer could not, as provided by the contract, fix the extension did not deprive the contractor of his right.

2. ———: ———: ———: ———: BURDEN OF PROOF. The burden of proof is on the contractor to show the contract was completed within a reasonable time, and he is entitled to an extension for hindrances occasioned by the city or by the defendant's obstruction of the street.

3. ———: ———: ———: COMPLETION: DEDUCTION. A contract required the deduction of five dollars a day for every day after failure to complete the work within a specified time, though the ordinance fixed no time within which the work was to be completed. *Held*, the contract was to be performed within a reasonable time, and if the contractor failed to complete in such time after extensions for hindrances provided for in the contract, the taxbill is void, otherwise valid, subject to deductions provided.

4. ———: ———: FORFEITURE: EXTENSION: POWER OF COUNCIL. An ordinance extending the time for the completion of grading a street passed after the contract has been forfeited, does not have the effect of vitalizing the contract and can not create a new liability on the property holder; but as in this case, where the contract is for a reasonable time if the extending ordinance is found by a jury to be within such time the extension is valid.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

REVERSED AND REMANDED.

*Graham & Fulkerson* for appellant.

(1) Hodges' contract especially provided that he should proceed with his work under the direction of the

city engineer and that he should be entitled to an extension of his time in case he was hindered or delayed. The trial court refused to give plaintiff the benefit of said sections of his contract, which was error. Whittemore v. Sills, 76 Mo. App. 248. (2) At most the only penalty that could have been imposed on Hodges for his failure to complete contract within time specified—provided the delay had been caused by his own negligence—was that which the contract itself inflicted, to-wit, a forfeit of five dollars per day for every day the contract was delayed. Heman v. Gilliam, 71 S. W. 163. (3) The court erred in refusing instruction 2, requested by plaintiff. Ordinance No. 2503 extended contractor's time for thirty days and within said time as extended the work of his contract was completed. Elliott on Roads and Streets, sec. 585; Jenkins v. Stetler, 20 N. E. 789, 118 Ind. 275; Terre Haute & L. R. Co. v. Nelson, 27 N. E. 486, 130 Ind. 258; Rose v. Trestrail, 62 Mo. App. 352; Neil v. Gates, 157 Mo. 596; Whittemore v. Sill, 76 Mo. App. 248. (4) Defendant petitioned for the very work it got. Had it not petitioned therefor the work would not and could not have been ordered by the city under the law as it existed at that time, 1899. Defendant prevented Hodges from completing his contract within the forty days' time prescribed, by reason of its failure to move its buildings. The president of the defendant company knew all about the condition of the street and of defendant's buildings. Knowledge of the president of a corporation is knowledge of the corporation. Latimer v. Inv. Co., 78 Mo. App. 463; Stone Cutter v. Myers, 64 Mo. App. 527; Withers v. Bank, 67 Mo. App. 115; Palmyra v. Morton, 25 Mo. 596; Justice v. Lancaster, 20 Mo. App. 559; Murphy v. Type Foundry, 29 Mo. App. 541; Railroad v. Farrel, 76 Mo. 183; Gibson v. Owens, 115 Mo. 259; Jenkins v. Stetler, 20 N. E. 788, 118 Ind. 275; Ross v. Stackhouse, 16 N. E. (Ind.) 501; Clements v.

Lee, 16 N. E. (Ind.) 799; Stewart v. Commissioners, 26 Pac. 683.

*J. F. Woodson* for respondent.

(1) Where time is the essence of the contract, as in this case, the failure to complete the work in time invalidates the taxbills. McQuiddy v. Brannock, 70 Mo. App. 535; Neill v. Gates, 152 Mo. 585. This is true although the time limit is contained in the contract and ordinance. Ayers v. Schmol, 86 Mo. App. 349; Shoenberg v. Heyer, 91 Mo. App. 390. Where the ordinance refers to the contract and specifications on file with the city engineer, such contract and specifications thereby become a part of said ordinance. Galbreath v. Newton, 30 Mo. App. 392; Gallagher v. Smith, 55 Mo. App. 116-119; Roth v. Hax, 68 Mo. App. 287; Paving Co. v. Uhlman, 137 Mo. 571. (2) The failure of the city to construct a culvert at the intersection of Twenty-seventh and Messanie streets was no excuse for the failure of the contractor to complete the contract in time, when he has not contracted against such a contingency. McQuiddy v. Brannock, 70 Mo. App. 635; Rose v. Trestrial, 62 Mo. App. 358. (3) The protrusion of certain sheds on to Messanie street would not excuse the contractor for failing to complete his contract in the time specified therein, because; (a) He did not contract against such a contingency. (b) It took him nearly as long, according to his testimony, to grade the space covered by the sheds after they were removed as he had contracted to grade the entire six blocks in. This would be unreasonable. (4) The contractor, under the terms of the contract, conceding their contention, was not entitled to any extension of time unless the city engineer should have "immediate notice in writing of the cause of the detention." No such notice in writing was alleged or proved.

BROADDUS, J.—This action is based upon certain taxbills issued to W. C. Hodges, a contractor and plaintiff's assignor, as payment for grading Messanie street in the city of St. Joseph, Missouri. The defendant refused to pay the bills, which, at the time of trial, amounted to $1,700. The object of this suit is to enforce the lien of said bills on the defendant's property. The defendant's answer set out that the contractor had failed to complete the work within the forty days limit prescribed in his contract with the city. To this answer, plaintiff replied alleging that the contractor was hindered and delayed in the completion of the work in the time so limited by said contract on account of defendant's failure to remove certain of its buildings from the street wherein the work was being carried on, and on account of the failure of the city to complete certain work in said street in time for the contractor to finish his work within the said forty days limit. And he further sets up certain facts by way of estoppel against defendant.

The ordinance providing for the work did not prescribe any time, in terms, in which the work should be completed. The contract for the work was dated and approved by the city council on the 28th day of August, 1898. It provided for a full completion of the work within forty days after its approval by the city council, it being provided therein that "the time of beginning, rate of progress, and time of completion being essential conditions of this contract; and if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for each and every day thereafter until such completion, shall be deducted from the moneys or amounts to be certified under this contract." Section 10 of the contract is as follows: "The first party shall not be entitled to any claim for damages for any hindrance or delay from any cause whatever in the progress of the work or any portion thereof; but such hindrance may entitle said first party

to an extension of the time for the completion of this contract sufficient to compensate for the detention, the same to be determined by the city engineer, provided he shall have immediate notice in writing of the cause of detention.'' The contractor did not complete the work until about the 7th day of November, more than forty days from the date of approval of the contract by the city council. On October 11th, the city council, by ordinance, extended the time for doing the work for a period of thirty days. This was, however, after the expiration of the original time limit of forty days.

It was shown that during the time when the work was in progress the defendant's barns, three hundred and eighty feet in length and ten feet in width, situated on the street to be graded, delayed the work to some extent; and that the construction of a culvert across said street also delayed the progress of the work, as well as the delay of the city engineer in setting stakes to indicate the manner in which the grading was to be performed.

The cause was submitted to the court. The finding and judgment were for the defendant, from which plaintiff appealed. The plaintiff asked a number of instructions all of which were refused except those numbered three and four. No instructions were asked or given upon the part of the defendant.

Instruction number seven, asked by the plaintiff, should have been given. In this instruction the court is asked to declare that if the contractor was delayed in his work by reason of the time consumed by the city in constructing a culvert across said street, then said time ought not to be reckoned in estimating the time in which the work should have been completed. If it be true, as contended by defendant, that it was not lawful to vest in the city engineer the power of extending the time for the completion of the contract, it does not necessarily follow that the contractor would not be allowed such extension. The language of the contract is ''but

such hindrance may entitle said first party to an extension of time for completing this contract sufficient to compensate him for the detention,'' etc.  The right to an extension of time on account of detention by hindrance was surely contemplated by the parties, and because the city engineer did not have the power legally to determine what extension of time should be granted ought not to destroy the right itself.  It was only the manner of providing how the extension should be given that was invalid; or, otherwise expressed, the city was not authorized to delegate such power to the city engineer.  Neill v. Gates, 152 Mo. 585.  There was no question raised as to the contractor's right to provide by his contract against hindrances.  The law gave him that right.  Whittemore v. Sills, 76 Mo. App. 248, and cases there cited.

Instruction number six was properly refused by the court because it placed the burden on the defendant to show that the delay in the completion of the work was not unreasonable, while in fact the burden was on the plaintiff to show to the contrary that it was completed in a reasonable time.  The contractor, under our view of the case, was entitled to an extension of time under the contract equal to the length of time he was detained from work by reason of being hindered by the city in the construction of the culvert, and by defendant's obstruction of the street by its barns, etc.; but the burden was upon the plaintiff at all times to show that the delay was not unreasonable.

The court properly declared the law in instruction number three, but as that related to only one cause for delaying the contractor, whereas there were others, it did not cure the error of refusing to give his number seven.

But under the recent decision of the Supreme Court, ''all that the contract required was that the work should be completed within a stated time; or, in case it was not completed within that time, that certain deductions

should be made from moneys payable under the contract as therein stated." Heman v. Gilliam, 71 S. W. 163. That case and the one at bar are similar, in that in neither the ordinance, but each contract, required that the work be completed within a stated time, or if not so completed within that time, that certain deductions should be made from the contract price. The numerous decisions of the Supreme Court and the Courts of Appeals were considered and the ruling of the court is to the effect that, where the ordinance providing for the improvements fails to require a time in which the work is to be completed, and the contract requires that the work shall be completed within a stated time, coupled with a provision that if not completed within that time deduction shall be made from the contract price, is to be construed as a contract to be performed within a reasonable time. The question, therefore, in this case was not whether the contractor had completed his work within a stated time, but whether he had so completed it within a reasonable time. And this was a question of fact to be determined by the circumstances. If the contractor failed to complete his work within a reasonable time, under the circumstances, the taxbills in this case were void; but if, on the other hand, after deductions for hindrances, he completed his work within such time, the taxbill is valid. But the defendant would be entitled to a deduction of five dollars per day for each day from the time limited by the contract, plus the number of days he was detained by the hindrances mentioned, to the time of the completion of the work.

The only remaining question presented by the record is: Did the city council have the authority to extend the time for the completion of the work after the expiration of the time stated in the contract? In Rose v. Trestrail, 62 Mo. App. 357, the court held that the time for the completion of a contract might be authorized. See, also, Jenkins v. Stetler, 118 Ind. 275. But in Neill v. Gates, supra, the court held: "The ordi-

nance extending the time for the completion of the work made after the contract had been forfeited did not have the effect of vitalizing a contract which had theretofore been forfeited, nor to create a new liability on the part of defendant upon taxbills issued upon such contract.'' Here, however, the contract had not been forfeited unless a reasonable time had, when said ordinance was passed extending the time for the completion of the work, then expired. It was a question of fact to be found like any other fact in the case. It was not, therefore, a question of law for the court to declare, the fact being admitted that the work had not been completed within the stated period of forty days provided in the contract, that the contractor had forfeited his contract.

For the errors noticed the cause is reversed and remanded. All concur.