ELLIOTT SPALDING, Respondent, v. ZEILDA
FORSEE, Appellant.

**Kansas City Court of Appeals, November 28, 1904.**

1. **TAXBILLS: Extending Time: Competitive Bidding: Power of
   Council.** Since bids for street improving are made in view of
   the time within which the work is to be finished, time is ma-
   terial and an extension by the city council avoids the taxbills
   issued thereon.

2. ———: ———: **Obstruction of Street.** Business interests being
   affected by the obstruction of the street incident to such im-
   provement, require the work to be done within a limited time.

Appeal from Buchanan Circuit Court.—*Hon. A. M.
Woodson,* Judge.

REVERSED.

*James F. Pitt* for appellant.

(1)   The court erred in refusing defendant's re-
quest to find the passage of the extension ordinance, ap-
proved November 20, 1899.   It was an undisputed and
material fact.   (2)   The extension ordinances in this
case, where time was of the essence of the contract
were invalid, and without effect to relieve the con-
tractor.   Smith v. Westport, 79 S. W. 725.

*C. F. Strop* and *P. L. Hudgens* for respondent.

(1)   "The time in which public work should be
done is a legislative function and can not be delegated
to the city engineer. . . .   It inevitably follows from
these considerations that the time for the completion
of the work fixed by the engineer and inserted in the
contract was at most directory."   Hilgert v. Paving

Co., — Mo. App. —, 81 S. W. 826; Ayers v. Schmohl, 86 Mo. App. 349; Carlin v. Carender, 56 Mo. 286; Strassheim v. Jarman, 56 Mo. 104; McQuiddy v. Brannock, 70 Mo. 535. (2) The city council having the exclusive legislative function of fixing the limit of performances, it was within its power, by ordinance passed before limit expired, to extend the limit of the performance fixed by the engineer. The contract in this case having been completed within the time so extended by the city council, renders the taxbills legal and binding upon property-owners. Childers v. Holmes, 95 Mo. App. 158, and cases cited; Elliott on Roads and Streets, secs. 536, 585; Mayor of Baltimore v. Raymo, 68 Md. 569, 13 Atl. Rep. 383; City v. Fowler, 34 Ind. 140; Jenkins v. Steller, 118 Ind. 275; Sparks v. Land Co., 99 Mo. 495.

ELLISON, J.—This action is based on a special taxbill issued for street paving in the city of St. Joseph. The judgment in the trial court was for the plaintiff who is assignee of the bill.

It was provided in the ordinance (or in specifications therein adopted, which is the same thing) that the work should be done within sixty days and that time should be of the essence of the contract; and it was so provided in the contract itself. There was no other provision on that subject. The case falls directly under our decision in Smith v. City of Westport, 79 S. W. Rep. 725, where it is shown in an opinion by Judge BROADDUS that the city can not validate a taxbill after the contract has been let by extending the time stipulated for the completion of the work.

The charter requires that public work should be let by public competitive bidding. When a contract limiting the time within which work must be done is competed for by bidders and is awarded to the lowest one, the bids are made in view of the time within which the work must be finished. Time is a material and im-

portant matter to consider in fixing the cost to be charged for the work. [Wickwire v. Elkhart, 144 Ind. 305; Kneeland v. Furlong, 20 Wis. 437.] If this time may be extended through favoritism or otherwise, it is manifest that there can be no certainty of a public letting by fair competition. To allow the power to extend the time indefinitely after bids have been advertised for and received on the basis of a fixed time, would open the door to hurtful temptation, to favoritism and fraud. If it be suggested that if the power be allowed, bidders would know it and bid accordingly, the answer is that the ordinary bidder could not know that he would succeed in getting further time. He could not bid on any mathematical basis; the result being that only the fraudulent and favored bidder would secure contracts for public work, and the object of the charter provision would be set at naught.

Besides, it is well known to all who have had an opportunity to observe that public work on the streets interferes with the use of such streets. It always obstructs and frequently entirely suspends business. It is of the *very highest importance* to the property-owner affected that it be done as expeditiously as possible. The property-owner consents that it may be done, or fails to protest against its being done, for the reason that he knows it will be over with in a certain time. If the time may be made indefinite, not only he, but the general public suffer great inconvenience, and his business may be wholly ruined. If a person is permitted to tear up a street for paving, or dig into it for sewering, in front of a place of business, he can destroy that business and ruin the owner if you but give him time enough. It is such considerations as the foregoing which has caused time provisions to be inserted in public contracts and has led the courts of this and other States to enforce them as written.

In McQuiddy v. Brannock, 70 Mo. App. 541, 547, 548, 549, we discussed the question as applied to the

power of the city engineer to extend the time for performance of such contracts. But until the case of Smith v. Westport, supra, we had not considered the question as to the power of the city council. The cases of Hilgert v. Barber Paving Co., 81 S. W. Rep. 496; Childers v. Holmes, 95 Mo. App. 158; Sparks v. Villa Rosa Land Co., 99 Mo. App. 489, and others from this State cited by plaintiff will be seen, on examination, not to be in point.

The judgment should be reversed and it is so ordered. All concur.