HUND et al., Appellants, v. RACKLIFFE et al.

Division One, December 21, 1905.

1. STREET IMPROVEMENT: No Petition. The statute of 1899 (Laws 1899, p. 78) authorizing the municipal assembly in a city of the second class to undertake by ordinance, without a petition of the property owners, to improve a street and charge the cost against the abutting property, is not unconstitutional.

2. ――――: Commencement of Work: Hauling of Brick. The hauling of brick on to the street to be paved is a commencement of the improvement, and if done within the time for be-

ginning the work as specified by the contract, the work was then legally begun. Besides, in this case the contract itself declared that the hauling of the brick should be the beginning of the work.

3. ———: ———: **Beginning Before Required Time.** Where the contract requires the work to be begun within ten days after the approval of the contract and to be completed in forty days after the day it is required to be begun, the contract does not mean that the work is to be completed within forty days after it is actually begun, but forty days after it is required to be begun.

4. ———: **Completion of Work: Extension of Time.** A municipal assembly has the power to extend the time for completing the work beyond the period specified in the original ordinance, if the extending ordinance is passed prior to the expiration of the time limited in the original ordinance. And it also has the power to extend the time for completing the work, when no time was specified in the original ordinance and the time limited was specified only in the contract.

5. ———: **Width of Sidewalk: Area-way Withdrawn From Public Use.** Neither the ordinance nor the contract specified the width of the sidewalk, but required the contractor to lay it in strict obedience to the directions of the city engineer. On the opposite side of the street a permanent area-way of stone, with an iron railing around it, had been constructed by the consent of the city, and the sidewalk there was by the width of that area-way less than ten feet wide. *Held*, that that portion of the sidewalk had already, by consent of the city, been withdrawn from public travel, and it was not intended by the ordinance authorizing the improvement that that portion should be paved, and hence the taxbills were not void because the sidewalk was not constructed ten feet wide at that place.

6. ———: **Omitting Railroad Crossing.** An ordinance for the improvement of a street should be read in connection with a prior ordinance authorizing a railroad company to lay its tracks on the street and requiring it to pave its tracks with oak boards, and when that is done if it is apparent that the ordinance directing the improvement did not contemplate that the portion of the street occupied by the railroad tracks would be paved with brick by the contractor, the taxbills will not be held void because that was not done.

7. ———: **Completion.** Property-owners, charged with the cost of a street improvement, have the right to insist that the improvement be completed, according to a reasonable and fair construction of the ordinance, before the taxbills are issued, and if that is not done a court of equity will cancel the taxbills.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*James W. Mytton* and *Chas. C. Crow* for appellants.

(1) The act of the General Assembly (Laws 1899, p. 78) is void, because it authorizes the municipal assembly to create a valid lien upon property without any notice whatever to the party whose property is to be charged. Hunt v. Searcy, 167 Mo. 158; Delaney v. Police Court, 167 Mo. 667; State ex rel. v. Ashbrook, 154 Mo. 375. (2) Placing brick on the street is not a commencement of the work, and the contract negatives any such position. Heman v. Gillam, 171 Mo. 258; Smith v. Westport, 105 Mo. App. 221. The taxbills are void, as the contract and specifications expressly provided that same shall be completed in forty days, making time an essential condition of the contract, and it is admitted that the work was not completed within the time. Smith v. City, 105 Mo. App. 221; Spaulding v. Forsee, 83 S. W. 540; Winfrey v. Lunger, 89 Mo. App. 159; Ayres v. Schmohl, 86 Mo. App. 349. (3) The contract was approved by the municipal assembly on the 12th day of June, 1903. The contract was to be completed in forty days, which would be July 22, 1903, and the ordinance attempting to extend the time was approved July 15, 1903, and under the above facts the ordinance attempting to extend the time did not accomplish the purpose, for the reason that under the statute in force at the time an ordinance did not go into effect until ten days after approval by the mayor. Keane v. Cushing, 15 Mo. App. 96; Laws 1901, p. 58, sec. 5503; Neill v. Gates, 152 Mo. 585. (4) The attempt to authorize the engineer to extend the time, if such was the purpose, was void. And, in addition, respondents do not claim that the case

comes within the conditions of this contract, with refer-
ence to the extension of time. McQuiddy v. Brannock,
70 Mo. App. 546; Ayers v. Schmohl, 86 Mo. App. 349;
Childers v. Holmes, 95 Mo. App. 154. The municipal
assembly had no power to extend the time of comple-
tion of the contract. Heman v. Gilliam, 171 Mo. 258;
Smith v. Westport, 105 Mo. App. 221; Spaulding v.
Forsee, 83 S. W. 540. (5) It is admitted in this case
that at the intersection of two alleys the street was not
paved with brick, and the contract and specifications
expressly provide that the intersections of all alleys
shall be paved, which renders the taxbills void. Stifel
v. McManus, 74 Mo. App. 430; Construction Co. v.
Levy, 64 Mo. App. 559; City v. Gates, 110 Mo. 383;
Childers v. Holmes, 95 Mo. App. 154. (6) The con-
tract provides for the completion of the whole work, in-
cluding all the sidewalks ten feet wide, and it is ad-
mitted that one hundred and thirty feet by four and
one half feet of the sidewalk, along other property than
that owned by appellants, was not constructed. Cer-
tainly, this renders the bills void.

*Vories & Vories* for respondents.

(1) The constitutionality of the various laws con-
cerning special taxes for local improvements is not open
to question. Barber Asphalt Co. v. French, 158 Mo. 534;
Hill v. Swingly, 159 Mo. 45; Heman v. Allen, 156 Mo.
534; Springfield v. Weaver, 137 Mo. 651. (2) An in-
junction will not lie to restrain the collection of a tax-
bill, if any part is due, unless the amount due is tender-
ed at time of suit. And in this case, if the sidewalks had
been completed according to contract and law and any
other part had not, or vice versa, then the action would
not lie, because no part had been tendered. State ex
rel. v. Flad, 26 Mo. App. 500; Johnson v. Duer, 115 Mo.
379; Arnold v. Hawkins, 95 Mo. 569. (3) The contract
specifies that it is subject to the laws and all ordinances

of the city. It was, therefore, entered into subject to the State laws requiring railroads to pave street crossings in a certain manner, and also subject to the franchise ordinance of the Chicago Great Western Railway Company, which required said company to pave the crossings in question in exactly the manner they are now maintained, and also subject to the ordinance giving consent to the erection of the areaway complained of in the sidewalk. The contract and ordinance, properly construed, recognized all these ordinances, was subject thereto, and the work was properly done by respondents. Bank v. Heywood, 62 Mo. App. 550; Springfield v. Weaver, 137 Mo. 669; Farrar v. St. Louis, 80 Mo. 393. (4) When a contractor has ten days to begin a contract and forty days to complete same, the time begins to run at the expiration of the ten days, even though the contractor actually begins work before that time. Wheless v. St. Louis, 90 Mo. App. 108. (5) The evidence shows that respondents commenced work hauling brick upon the street long before the expiration of said ten days, and the contract provides, "On the day designated for commencement of the work, the said contractor, before altering the roadway, shall haul brick," etc. (6) Appellants are in error as to the time contract was to be completed. The contract was entered into June 12, 1902; respondents had ten days to commence work and forty days thereafter to complete the same, which would end on the 1st day of August, 1902. The ordinance extending the time upon contract went into effect the 25th day of July, 1902. Where the ordinance providing for public work does not place a time limit upon the work, the city council may by ordinance extend the time named in the contract. Neill v. Gates, 152 Mo. 585; Sparks v. Land Co., 99 Mo. 492. (7) And the city in passing an ordinance extending the time officially declared the existence of sufficient cause for the extension, and that the time designated in extension ordinance was reasonable. Heman v. Gilliam,

171 Mo. 258; Smith v. Westport, 105 Mo. App. 221; Sparks v. Land Co., 99 Mo. App. 492; Neill v. Gates, 152 Mo. 585.

MARSHALL, J.—This is a proceeding in equity to have cancelled certain special taxbills issued by the city of St. Joseph to the respondents, for the improvement of Faraon street from the east line of Main street to the west line of Third street, under the provisions of ordinance No. 3339, and the contract entered into in pursuance thereof.

The property owned by the plaintiffs and charged with the lien of such special taxbills abutted the improvement. The basis for the relief sought is, first, that the contract required the work to be commenced within ten days after the approval thereof by the municipal assembly on the 12th of June, 1902, and to be completed within forty days thereafter, time being of the essence of the contract, and that the work was neither commenced nor completed as so required; second, that the defendants failed to complete their contract before the issuance of the taxbills, in this, that they made the sidewalk between Third street and the alley five feet wide instead of ten feet as the contract called for; third, that the defendants failed to complete their contract before the taxbills were issued, in this, that the contract required the full width of the street to be wholly paved with brick and that forty feet of the street was paved or covered with boards or planks instead of bricks, at the point where the Chicago, St. Paul and Kansas City railway crosses the street; and fourth that the act approved April 12, 1899, authorizing cities of the second class to improve streets, etc., under which the taxbills in question were issued, is unconstitutional because in violation of section 4 of article 2 and section 30 of article 2 of the Constitution.

The answer of the defendants is a general denial, coupled with a special plea that long before the pas-

sage of the ordinance and the execution of the contract, the city of St. Joseph had, by ordinance, granted to said railway company a right to construct its tracks across Faraon street, and as a portion of said grant had required the railroad company to pave that part of Faraon street occupied by its tracks and eighteen inches on each side of its tracks and to the end of the ties, and that the railroad company had accepted the said ordinance and constructed its tracks, and therefore it was no part of the duty of the defendants to pave said part of the street under said ordinance and contract for the improvement thereof; and further, that by the terms of ordinance No. 3489, approved April 15, 1902, the time for the completion of the contract was extended by the city for a period of ninety days, and that the defendants fully completed the work in that time.

The case was tried in the lower court upon an agreed statement of facts, which covered all the points in controversy, with the exception of when the work, under the contract, was commenced, and the plaintiffs introduced no evidence on that subject. But the defendants introduced evidence tending to prove that before the expiration of ten days after the ordinance was approved, they began the work contemplated, and hauled brick onto the street to be used in the construction thereof. The agreed statement of facts showed that the plaintiffs were the owners of the property affected by the taxbills; that ordinance 3339, aforesaid, provided for the improvement of the street from the east line of Main street to the west line of Third street, except its intersection at Second street and the laying of sidewalks adjoining lot 12 in block 27; that the street was to be graded and paved with vitrified brick, and the work done to be paid for by special taxbills against the property abutting the improvement; that the contract with the defendants for the improvement of the street was duly approved by the municipal assembly on

the 12th of June, 1902; that the defendant city is a city of the second class; that the ordinance specified no time for the commencement or the completion of the work, but that the contract provided that the work should be commenced within ten days after the approval of the contract, and completed within forty days thereafter, time being of the essence of the contract; but that the days work on the contract lost in consequence of proceedings in court, bad weather, grading, curbing, trenching by other contractors over whom the defendants had no control, organized general strikes, or the burning of any plant where the material for the contract is manufactured or made, shall be added to the number of days specified in the contract for the completion of the work, and further, that the contractors shall not be entitled to any claim for damages for any hindrance or delay from any cause whatever, but such hindrance may entitle them to an extension of time for the completion of the contract sufficient to compensate for the detention, the same to be determined by the city engineer, provided, he have notice, in writing, of the cause of the detention; that the contract further provided that "on the day designated for commencement of the work at any point or points on the line thereof, the contractor shall, before disturbing or making any alterations in the present roadway, haul upon the line of the work at each of said points, a sufficient quantity of bricks for the paving of at least the space between the two intersecting streets;" that upon the completion of the work and acceptance thereof by the city, the said engineer should cause the said work to be measured, compute the cost thereof, and levy and assess the same as a special taxbill against each lot chargeable therewith, and upon the taxbills being registered in the engineer's office, they should be delivered to the contractors and their receipts taken in full of all claims against the city on account of work; that prior to the 15th of July, 1902, the defendants notified the city that

they desired an extension of time because they were unable to procure the amount of Portland cement required for the work, because of the unprecedented demand therefor; and that accordingly, by an ordinance approved July 15, 1902, and numbered 3489, the municipal assembly extended the time for the completion of the work for ninety days; that lot 12 of block 27 lies on the north side of Faraon street between Third street and the alley, and that on the south side of that street between those points, the sidewalk was not completely reconstructed by the defendant, and that as to four and one-half feet of said sidewalk there was an areaway, of a permanent character, four and one-half feet wide, extending from the alley to within a distance of ten feet of the west line of Third street, which areaway was constructed by the owners of the adjoining lot, with an iron railing, with consent of the city, more than a year before the letting of the contract; that the alleyways between Second and Third street and between Main and Second streets, and the railway aforesaid, have railroad tracks thereon extending across Faraon street at said alleyways, which were constructed pursuant to authority of ordinance of the defendant city, long prior to the passage of the improvement ordinance and the execution of the contract in question, and which ordinance required the railroad company to pave that part of Faraon street occupied by their tracks with heavy oak boards, and keep the same in repair, and that the railroad company had complied therewith; and that the defendants did not pave such portions with brick, and that it was impracticable to pave the portions of the street occupied by the tracks with brick, and that the paving of the same with boards was the only practicable way; that the defendants did not complete the work of improvement within sixty days after the 12th of June, 1902, but did complete it within the time specified in ordinance 3489 extending the time; that special tax-bills were issued against the property of the plaintiffs

for the improvement of the street, in the proportion that the front feet thereof bore to the total amount of front feet covered by the improvement.

It was further admitted that the ordinance was passed without a petition of the property-owners for the improvement, but in accordance with the provisions of law, and the plaintiffs claim that the ordinance was therefore unconstitutional.

The trial court entered a judgment for the defendants and the plaintiffs appealed.

## I.

The constitutionality of the Act of 1899, under which the work in question was ordered done by the city, is no longer an open question in this State. [Barber Asphalt Co. v. French, 158 Mo. 534; Heman v. Allen, 156 Mo. 534; Hill v. Swingley, 159 Mo. 45; City of Springfield to use v. Weaver, 137 Mo. 650.]

## II.

The next contention of the plaintiffs is, that the special taxbills are void, because the work of improving the street was not begun within ten days after the approval of the contract, and was not completed within forty days thereafter.

The uncontradicted evidence is that before the expiration of the ten days from the approval of the contract, the contractors hauled brick onto the street for the purpose of doing the work contemplated. The plaintiffs contend that the mere hauling of brick onto the street does not constitute the doing of work under the contract or the commencement of the work. Under the terms of the contract itself, this contention is untenable, for the contract expressly provided that "on the day designated for commencement of the work," and before disturbing or making any alterations in the roadway, the contractors shall haul upon the line of the work a sufficient quantity of brick for the pav-

192 sup—21

ing of at least the space between any two intersecting streets. Thus it appears that the contract itself designates the hauling of the brick as a part of the work covered by the contract, and requires the brick to be hauled on the day designated for the commencement of the work. But without this, the hauling of the brick was a necessary part of the work to be done under the contract.

There is, therefore, no merit in the contention that the work was not commenced as required by the contract.

The work was not completed within the forty days after the day required for it to commence. The ordinance approving the contract was approved June 12, 1902. By its terms the contractors were required to begin work within ten days, to-wit, on the 22nd of June. They actually began work before that date, but the fact that they did so, does not reduce *pro tanto* the time for the completion of the work. The forty days for the completion of the work began to run at the expiration of the ten days allowed for the commencement of the work, and not from the time the work was actually commenced within the ten days. [Wheless v. St. Louis, 90 Mo. App. 108.] Forty days from the 22nd of June would take it until August 1st. Prior to the expiration of that time, to-wit, on the 15th of July, the municipal assembly of the city extended the time for the completion of the work ninety days. That ordinance took effect ten days after its approval, and therefore became operative on the 25th of July. At that time the forty days for the completion of the work according to the contract had not expired, therefore the ordinance extending the time was unlike the ordinance considered by this court in Neill v. Gates, 152 Mo. l. c.592, where it was held that an ordinance could not vitalize a contract that had expired. Plaintiffs contend that the municipal assembly had no power to extend the time for the comple-

tion of the contract, and rely, principally, upon the case of Heman v. Gilliam, 171 Mo. 258.

In the case last cited, as in the case at bar, the ordinance did not require the work to be completed in any specified time. In that case, as in the case at bar, the contract provided that the work should be completed within a specified time, and the contract in the case cited further provided that if not so completed, the sum of five dollars per day for the first ten days, and ten dollars per day for every day thereafter until the completion, should be deducted from the amount payable under the contract. And as there was no general ordinance shown in that case requiring the work to be completed within the time specified in the contract, it was held that the city had a right to contract that it should be completed within a reasonable time and, if not completed within that time, that certain penalties named should be deducted from the contract price, and that each property-owner was entitled to have the same deducted by the city before issuing the taxbills, or if the city did not so do, he was entitled to have the taxbills against his property reduced proportionately, but that the taxbills themselves were not void for the failure of the city to make such deductions.

The prior adjudications by the courts of this State were fully reviewed in that case, and it was pointed out that where the ordinance authorizing the work required it to be done in a certain time, the contract could not extend that time, and that if the work was not completed within the ordinance limit, the taxbills were void. It was further pointed out that where the ordinance authorizing the work did not prescribe a time for the completion of the work, but that there was a general ordinance of the city, which required the work to be done within the time specified in the contract, the contract time could not be extended. But it was further expressly held that where there was no time limited in the special ordinance authorizing the work, and no gen-

eral ordinance requiring the work to be completed within the contract time, and the contract contained a provision that it should be completed within a specified time, and if not completed within that time a certain sum for each day thereafter should be deducted from the contract price, the taxbills were not void, but that the city should make the deductions for overtime and issue the taxbills for the amount due under the contract after the deductions were made, and in the event the city failed so to do, the property-owner was entitled to have the taxbill reduced proportionately, but that in neither event were the taxbills void.

In Neill v. Gates, supra, the ordinance authorizing the improvement required the work to be completed within a specified time. The contract also provided the same, but contained the further provision that if it was not so completed, a penalty for each day thereafter should be deducted as liquidated damages, from the amount contracted to be paid, and it was held that inasmuch as the ordinance fixed the time, the provisions for deducting the damages for overtime were invalid, because in conflict with the ordinance. In that case, after the ordinance time had expired, the municipal assembly undertook to extend the time by ordinance, and it was held that the extending ordinance could not give vitality to an expired contract, but it was not held in that case that it was not within the power of the municipal assembly to extend the time for the completion of the contract before the time limited in the contract had expired, and an ordinance of that character does not fall within the reason or principle laid down in that case, for such an ordinance would not be giving vitality to an expired contract.

No good reason has been given, or is conceivable, why the municipal assembly should not have power to extend the time for the completion of a contract beyond the period specified therefor in the original ordinance, if the extending ordinance is passed prior to the expira-

tion of the time limited in the original ordinance; and likewise no good reason appears why the municipal assembly should not have power to extend the time under such circumstances, when no time ˉwas specified in the original ordinance and the time limited was specified only in the contract. In the absence of a time limit in the ordinance, it has always been the rule in this State, as emphasized by the decision in Heman v. Gilliam, that the contract may specify a time, but that such time specified in the contract must be a reasonable time, and that the time specified in the contract is, prima facie, a reasonable time, because the parties themselves have so agreed. But where, for any good reason shown, as the inability of the contractor to procure a portion of the materials necessary for the doing of the work, as appears in this case, the work cannot be completed within the contract time, it would be a narrow, strained, unnatural and unreasonable construction of the law to hold that the municipal assembly had not the power, during the life of the contract, to extend the time for the completion of the work; for such act of the municipal authorities would be a legitimate determination of what constitutes a reasonable time, and as no appreciable damages could thereby ensue to the property-owner by the extension, the courts will not interfere with the legislative determination of the reasonableness of the time for the completion of the work. The exact question here involved does not seem, heretofore, to have been adjudicated by this court, but similar conclusions to those here reached have been announced by other tribunals (Rose v. Trestrail, 62 Mo. App. 357; Sparks v. Land Co., 99 Mo. App. 489; Jenkins v. Stetler, 118 Ind. 275), and the rule here laid down is within the spirit and meaning of the decision of this court in Neill v. Gates, 152 Mo. l. c. 592.

In the Indiana case cited, the Supreme Court disposed of the question as follows: "We know of no reason why the time of the contractors. for the com-

pletion of the work, as fixed in the contract, might not lawfully be extended by a vote of the common council, nor can we perceive any reason for holding that such an extension, in the absence of fraud, should, without more, make the proceedings void."

This contention of the plaintiffs must therefore be resolved against them.

## III.

The third contention of the plaintiffs is that the ordinance required the laying of sidewalks, without specifying the width of the sidewalks, and that the contract required the contractor to "lay the sidewalk, above mentioned, in strict obedience to all the directions of the city engineer," etc., and that a portion of the sidewalk was not laid ten feet wide. The ordinance does not specify the width of the sidewalk. The contract, likewise, does not specify the width of the sidewalk. The agreed statement of facts shows that the sidewalk on the opposite side of the street from the plaintiffs' property was not ten feet wide, but that prior to the passage of the improvement ordinance, and the making of the contract, the city had authorized the abutting owners opposite said portions of the sidewalk to construct a permanent areaway of stone, with an iron railing around it. And that the contractors in this case did not interfere therewith by constructing a sidewalk over the same.

Of this contention it is only necessary to say that such portion of the sidewalk cannot reasonably have been intended by the ordinance to be paved with brick. That portion of the sidewalk had already, with the consent of the city, been withdrawn from public travel as a sidewalk. The validity of such a proceeding cannot be inquired into in this case, but no reasonable construction of the ordinance would require the contractor in this case to nullify the prior action of the city in authorizing the construction of the areaway.

## IV.

The last contention of the plaintiffs is that the portions of the street occupied by the railway company's tracks were not paved with brick.

The agreed statement of facts shows that it was impracticable to pave them with brick, and also that long prior to the passage of this ordinance the city had granted to the railroad the right to construct its tracks across the street, and had required the railroad company to cover or pave the same with boards, and to keep it in repair, and that the railroad company had constructed it with heavy oak boards, and had kept it in repair.

A similar contention was made in Bank v. Haywood, 62 Mo. App. 550, and was disposed of by the Kansas City Court of Appeals, as follows:

"The statute requires every railroad company to construct and maintain a good and sufficient crossing and approaches thereto, where its road crosses a town street opened for public purposes, and further specifies of what material and in what manner such crossings and approaches shall be constructed. [R. S. 1889, sec. 2609.] And subdivision 36 of section 1255 of the charter of said city [the city of St. Joseph] (R. S. 1889, p. 367) vests in it the power to require railroad companies to construct and keep in repair suitable crossings at the intersection of the streets and alleys. It is thus seen that the statute imposes upon railway companies the duty of constructing and maintaining crossings and approaches thereto, at points where their road intersects the streets and alleys of a city, which have been opened for public use. The power is also given cities of the second class to require the performance of this duty. . . . Was it the intention of the city in passing the ordinance to require that part of said street covered by said railroad crossing to be macadamized, curbed and guttered?

"The rule is, that in order to ascertain the purpose or intention of the statute, if not clearly expressed, it should be read in view of all the surrounding facts and circumstances under which it was enacted. This rule is to be invoked alike in the construction of statutes and contracts. . . . Reading the said ordinance in the light of the facts and circumstances surrounding its passage, and to which we have heretofore adverted, we cannot conclude that it was the intention or purpose of the framers to require that part of said street covered by said railroad tracks to be improved. Would not therefore an interpretation of the ordinance or contract that requires the contractor to macadamize, curb and gutter that part of said street covered by said railroad tracks be unreasonable and unjust? . . . In view of the facts (1) that it was impracticable to macadamize, curb and gutter that part of the street covered by said railroad tracks, without removing the same; (2) that the cost of such improvement would not constitute a lien against the abutting railroad right of way, nor a liability of any kind; (3) that it was the duty of the railroads, at their intersection of said streets, to make suitable crossings at their own expense, it seems to us that a construction of said contract requiring the improvement of that part of said street, in order to constitute complete performance, would be unreasonable and unjust and should not be countenanced.

"If a perennial stream had crossed said street, instead of said railroad right of way strip, a construction of the ordinance that would require the contractor to macadamize, curb and gutter the former, would be quite as reasonable as in the present case. It would be manifestly absurd to contend that it was the intention of the framers of the ordinance to require the improvement in the case just supposed, yet the contention that the requirement was intended by the ordinance in the actual case before us does not seem less absurd."

In Springfield to use v. Weaver, supra, the record

showed that the preliminary resolution called for the improvement of the entire street, and that there was a street railway track on the street which had been left unpaved by the contractor, and it was contended that such failure of the contractor rendered the taxbills void. There was a general ordinance of the city which required the preliminary resolution, and there was likewise a general ordinance of the city which required the streets to be paved in the entirety thereof, except where a portion of the street was occupied by a railroad track, in which event, the railroad was required to pave between rails. This court said:

"Reading the resolution, in connection with these ordinances, there can be no reasonable doubt that the improvement contemplated by the resolution only included that part of the street on each side of the railroad track, and was not intended to include the part occupied by it. . . . It was the duty of the railway company to pave the part of the street used for its track, and the city should have required it to do so. But a contractor who has paved the street, on each side of the track, under a valid contract, should not be denied the right to enforce his taxbill by reason of the neglect of the city to perform its duty by enforcing the obligation of the railway company. Nor should the contractor be made responsible for the unsightly and inconvenient condition in which the street was left by reason of the unpaved track of the railway."

So, in this case, reading the ordinance for the improvement of this street, in connection with the prior ordinance authorizing the railway company to lay its tracks on the street and requiring it to pave the same with oak boards, and viewing the case in the light of the admissions of the agreed statement of facts that it was impracticable to pave such portions of the street with brick, the conclusion is inevitable that it was not the intention of the framers of the ordinance for the improvement of the street to require the contractor to

pave the portions of the street covered by the railroad tracks. If the contractor had paved such portions of the street the effect would have been to increase the cost to the abutting property-owners *pro tanto*. Therefore, the abutting property-owners are benefited rather than damaged in this case and have no standing in a court of equity to complain. Of course the property-owners are entitled to have the contract for the improvement of the street completed before they can be called upon to pay for same. For a partial improvement of the street may render the street less useful, and thereby render the access to the abutting property more difficult rather than easier. And as the foundation for special taxbills for the improvement of a street is that it renders the property more valuable because it is more accessible, the property-owners have a right to insist that the contract for the improvement of the street shall be completed before the taxbills are issued. But the completion here spoken of must always be considered to be such a completion as the framers of the improvement ordinance contemplated, and that construction must always be a fair and reasonable one.

There is no merit in this contention.

The judgment of the circuit court is right and is affirmed.

All concur, except *Brace, P. J.,* absent.