J. J. JONES, Respondent, v. JULIA S. PAUL, Appellant.

Kansas City Court of Appeals, November 16, 1908, and April 19, 1909.

TAXBILLS: Ordinance: Contract: Time: Extension. Although the contract and general ordinances under which a street improvement is being made, make time the essence of the contract, still the council of a third-class city has power before the expiration of such time to extend same, and taxbills issued for work completed within the extended time will be valid.

Appeal from Jasper Circuit Court,—*Hon. Howard Gray,* Judge.

AFFIRMED.

*Gardner & Cameron* for appellant.

(1) The general ordinance, together with the contract made time of the essence of the contract, the same' as though it was written in the contract. This is settled law in this State. Springfield v. Divi., 80 Mo. App. 574; Herman v. Gillian, 171 Mo. 267 l. c; Paving Co. v. Munn, 185 Mo. 569 l. c.; Springfield v. Schmook, 12 Mo. App. 489. (2) When time is of the essence of the contract, the city council has no authority to extend the time for completing the contract. And if the work is not completed within the time mentioned in the contract, the taxbills issued in payment of the work are void. The provision that the work must be completed within the time is mandatory. Smith v. Westport, 105 Mo. App. 221; Spalding v. Forsa, 109 Mo. App. 675; Rose v. Trestrail, 62 Mo. App. 358. The charter of cities of the third class provides that contracts for improving streets shall be let by competition bidding. R. S. 1899, sec. 5860.

*Grayston & Graham* for respondent.

(1) The extension of time, granted by the council, on March 26, 1901, having been made before the first period of seventy-five days had elapsed was a valid extension and the work having been completed within the time, as extended, the taxbill was valid. Hund v. Rackliffe, 192 Mo. 324.

JOHNSON, J.—Action to enforce the lien of a special taxbill issued by the city of Joplin, a city of the third class, in part payment of the cost of grading and macadamizing First street in said city from Amander avenue to Meridian street. The validity of the taxbill is attacked by defendant on the ground that the time for the completion of the improvement was made of the essence of the contract between the city and the contractor, and the improvement was not completed until after the expiration of the time specified.

The ordinance authorizing the work was passed by the city council December 19, 1900, and is as follows:

"Section 1. That First street be improved by bringing to subgrade and macadamizing the same from Meridian street to Amander avenue, as provided by general ordinance No. 38, entitled 'An Ordinance defining the manner in which the paving, macadamizing, curbing and guttering of streets, avenues, squares, alleys, or other highways or part thereof, shall be done, and the manner in which improvements shall be paid for.' Approved June 13, 1893.

"Section 2. The city engineer is hereby authorized and directed to advertise for bids in the Joplin Daily Globe for the bringing to sub-grade and macadamizing First street from Meridian street to Amander avenue, according to the plans and specifications now on file in the office of the city clerk, and said work to be done under the supervision of the street committee and city engineer, as provided by general ordinance No. 33, and paid for in special taxbills, there being no money in the city treasury to pay for the same. Also that the bids will be opened by him, in the presence of the council, on the eighth day of January, 1901.

"Section 3. This ordinance shall take effect and be in force from and after its approval and publication."

The general ordinance to which reference is made provided:

"The acceptance of a bid shall be taken as an award of the contract for the proposed work to the party making the same, and the street committee shall, without delay, enter into contract with such bidder, for the completion of such work according to the specifications for the same and within the time agreed upon." Pursuant to these ordinances, bids were advertised for and the contract was awarded to W. H. Mahoney as the lowest and best bidder. A written contract between the city and Mahoney went into effect on the 14th day

of January, 1900. It required the contractor to complete the improvement "within seventy-five days from the time this contract goes into effect," but provided no penalty or forfeit for a failure to complete the work in the time stated. The work was not finished in that time but before its expiration, the city council passed an ordinance extending the time thirty days. The cause was tried without a jury, judgment was entered for plaintiff and defendant appealed. From the declarations of law given, it appears the court found as facts that the work was completed within the period fixed by the last-mentioned ordinance and that the failure to complete it in the time stated in the contract was unavoidable, owing to unfavorable weather. The facts thus found being supported by substantial evidence are accepted by us as proved and bring us to the consideration of the vital questions of whether, first, the time of completion was of the essence of the contract and, second, if it was, had the council the authority to extend the time by ordinance passed before the contract time expired?

Counsel for defendant present in their brief two propositions, viz: 1. "The contract provided that the work should be completed within seventy-five days from the time the contract went into effect, which was January 14, 1901. The contract contained no provision for a forfeiture in case the work was not completed in time. Therefore, the general ordinance, together with the contract, made time of the essence of the contract, the same as though it was written in the contract. This is settled law in this State. [City of Springfield to use v. Davis, 80 Mo. App. 574.] This case is cited approvingly in Heman v. Gilliam, 171 Mo. 258; Paving Co. v. Munn, 185 Mo. 552; City of Springfield v. Schmook, 120 Mo. App. 41."

"2. When time is of the essence of the contract, the city council has no authority to extend the time for

completing the contract. And if the work is not completed within the time mentioned in the contract, the taxbills issued in payment of the work are void. The provision that the work must be completed within the time is mandatory. [Smith v. The City of Westport, 105 Mo. App. 221; Spalding v. Forsee, 109 Mo. App. 675; Rose v. Trestrail, 62 Mo. App. 352.] The charter of cities of the third class provides that contracts for improving streets shall be let by competition bidding. [Section 5860, Rev. Stat. 1899.]"

The soundness of the first of these propositions is conceded for argument, but the second must be disapproved on the ground that the Supreme Court ruled this precise point against the contention of defendant in Hund v. Rackliffe, 192 Mo. 312. It was said in the opinion: "No good reason has been given or is conceivable why the municipal assembly should not have power to extend the time for the completion of a contract beyond the period specified therefor in the original ordinance, if the extending ordinance is passed prior to the expiration of the time limited in the original ordinance."

The writer is of the opinion that very good reasons supporting the opposite view are to be found in the cases cited by defendant, but since we are bound to follow the last decision of the Supreme Court, we cannot do otherwise than to adopt and apply the rule just quoted. It is true that in the case before the Supreme Court, the ordinance authorizing the improvement did not specify the time for its completion nor was time made the subject of any general ordinance. But we do not feel justified in treating the quotation from the opinion as a mere dictum. "It will not do to denounce everything as unauthoritative dicta which might possibly have been omitted from an opinion." [Williams v. Railroad, 106 Mo. App. l. c. 64.] Evidently, the court intended to deliver an authoritative utterance, and we must so

accept it.   The point made by defendant against the action of the trial court in modifying the judgment has been considered and found to be without merit.

The judgment is affirmed.   All concur.

PER CURIAM:—We have given this case further consideration on a rehearing which was granted at last term and have concluded that the judgment should be affirmed on the opinion heretofore rendered.