JOHN G. PAXTON and WILLIAM G. ROSE, Partners, doing business as PAXTON & ROSE, Respondents. v. JOSEPH A. BONNER and BIRDIE BONNER, Husband and Wife, and GEORGE B. FOSTER, Appellants.

Kansas City Court of Appeals, June 16, 1913.

1. SPECIAL TAX BILLS: Extension of Time of Contract: Presumption. A municipal assembly has the power to extend the time for the completion of a contract to pave a street, beyond the period specified therefor in the original ordinance if the extending ordinance is passed prior to the expiration of the time limited in the original ordinance. And in case there is a failure to state a cause for extending the time which the contract provides, the court will assume that the ordinances were supported by valid reasons when nothing to the contrary is shown.

2. ————: Contract Fairly Performed. There can be no recovery on a special tax bill issued for a city improvement unless the contract was fairly performed by the contractor.

Appeal from Jackson Circuit Court—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*A. G. Southern* for appellants.

(1)    Resolution No. 306, under which the tax bill was issued was insufficient to inform the public of the nature and kind of pavement which was proposed. There is no reference in the resolution to any specifications. The property owners upon publication of the resolution could neither obtain from its terms any idea of the nature of the improvement or the manner of its construction so that they might be able to remonstrate with intelligence if they so desired. Coulter v. Phoenix, 131 Mo. App. 230; Kirksville v. Coleman, 103 Mo. App. 215-221; Poplar Bluff v. Bacon, 144 Mo. App. 476. (2) The resolution declaring necessary a street improvement should state directly or by definite reference, the nature and character of the improvement, otherwise the proceedings are without jurisdiction. This is the consistent doctrine of the court. Coulter v. Phoenix, 131 Mo. App. 234; Poplar Bluff v. Bacon, 144 Mo. App. 476; Kansas City v. Askew, 105 Mo. App. 84; Jones v. Plummer, 137 Mo. App. 337. (3) The specifications used by the contractor, in the case at bar, were filed for an improvement under resolution No. 277 instituted April 18, 1907, and they were never refiled subsequent to the passage of resolution No. 306 on June 27, 1907, under which the tax bill sued on was issued, were not mentioned by the resolution nor were they specifically adopted by ordinance No. 2825, which authorized the work. Plans and specifications ought to be filed in the designated office at the time of the passage of the resolution for the benefit of the property owners and the failure to do so defeats the purposes of the law and invalidates all subsequent proceedings. Such specifications should at least have been prepared by the city engineer and filed in the office of the city clerk for the particular improvement proposed before entering into the contract and subsequent to or at the time of the initiation

of the improvement by the resolution, depending upon the sufficiency of the resolution. Dickey v. Holmes, 109 Mo. App. 721; Kirksville v. Coleman, 103 Mo. App. 215; Poplar Bluff v. Bacon, 144 Mo. App. 476; Paving Co. v. O'Brien, 128 Mo. App. 267. (4) The law is well settled in this State that before the council has power to pave a street it should as a preliminary move pass a resolution that it deems the improvement necessary. This is the initiatory step. By the resolution and its publication jurisdiction of the parties and subject matter is acquired. In the case at bar resolution No. 306 was the initiatory step in the proceedings upon which the tax bill was based. The estimate of cost and plans and specifications used by the contractor were filed two months and ten days prior to the institution of this proceeding, and for another proceeding. No estimate or specifications could apply to a proceeding not yet instituted. City v. Eddy, 123 Mo. 546; Wheeler v. Poplar Bluff, 149 Mo. 36; Kirksville Case, 103 Mo. App. 218; Cushing v. Russel, 134 Mo. App. 653; (5) The estimate of the cost could not have been based upon resolution No. 306. Kirksville v. Coleman, 103 Mo. App. 220. (6) The engineer could have no knowledge of the proposed improvement upon which to base the estimate until the resolution should be passed. Bass v. Chicago, 62 N. E. 913-914. (7) "Could the city council after dismissing the proceeding under the first ordinance pass a new and different ordinance for the same improvement without taking the necessary preliminary steps required by statutes?" and answered, "Where the proceeding are dismissed by reason of the invalidity of the ordinance, a new ordinance cannot be adopted until a new estimate is made." See Clark v. Chicago, 40 N. E. 495; Pells v. People, 47 N. E. 784; see Page and Jones, Special Assessments, volume 2, sec. 815, page 1391; also, same, sec. 817, page 1394; City of E. St. Louis, 37 N. E.

936; 6 Enc. Pl. and Prac., 13 Sub. note page 978.    (8) By "estimate of the cost thereof" the statute scould mean nothing else than the estimate of the cost of the particular improvement under the particular resolution authorizing it.    Wheeler v. Poplar Bluff, 149 Mo. 36. (9)    The fact that full performance would be unduly burdensome or even impossible furnishes no excuse in law for a failure to perform all of the conditions of the contract.    If the improvement cannot be constructed as provided for in the ordinance, it is the duty of the city to repeal the ordinance and begin anew.    Excelsior Springs v. Ettenson, 120 Mo. App. 230; Boonville v. Stephens, 95 S. W. 314; Brick Mfg. Co. v. Hamilton, 51 Mo. App. 120; Excelsior Springs v. Ettenson, 188 Mo. 129; City of Trenton v. Collier, 68 Mo. App. 483; Dickey v. Holmes, 109 Mo. App. 721.    (10)    The contract entered into September 26, 1907, for the class of work described herein, should have been completed prior to May 1, 1908, seven months and four days and the presumption is that such extensions of time are unreasonable. Construction Co. Co. v. Fields, 157 Mo. App. 577; Turner v. Springfield, 117 Mo. App. 418; Sparks v. Land Co., 99 Mo. App. 489-494; Paving Co. v. Ridge, 169 Mo. 376; McQuiddy v. Brannock, 70 Mo. App. 535; Smith v. City of Westport, 105 Mo. App. 225.

*Flournoy & Flournoy* for respondents.

(1)    The resolution published was good and sufficient. Muff v. Cameron, 134 Mo. App. 607, 609. (2)    An estimate and specifications on file can be adopted by an ordinance afterward passed.    (3) The extensions granted to the contractors by ordinance did not have to state any cause, it being presumed that the council acted legally.    Jones v. Paul, 136 Mo. App. 524, 528; Paving Co. v. Hayward, 154 S. W. 146; Kansas City Charter, p. 313; Bridewell v. Cockrell, 122 Mo. App. 196, 205.

JOHNSON, J.—This is an action to enforce the lien of a special tax bill issued by the city of Independence, a city of the third class, in part payment of the cost of paving a portion of South Main street. The answer interposes a number of defenses. A jury was waived and after hearing the evidence the court rendered judgment sustaining the validity of the tax bill. Defendants appealed.

On February 13, 1907, the council passed a resolution declaring "it necessary to pave with macadam South Main street from the south end of the bridge over the tracks of the Missouri Pacific Railway Company to the center line of Sea avenue from curb line to curb line." The resolution contained the general specifications of the proposed improvement and declared "that the cost thereof be paid for by special tax bills issued and levied against the property liable therefor according to law," etc. The kind of macadamizing called for in the resolution and throughout the proceedings is known by the name of "tarvia paving" from the surface layer which was to be "of tarvia manufactured by the Barrett Manufacturing Company of New York or the equal thereto, and stone screenings and rolled until thoroughly consolidated." As the name indicates, "tarvia" is a preparation of which tar is the principal ingredient.

The resolution was duly published and no remonstrance was filed against the proposed improvement. On April 18, 1907, the engineer filed an estimate of one dollar per square yard as the cost of paving and on the same day the plans and specifications were filed and approved by the counsel. Immediately after the filing of the estimate, plans and specifications and on the same day, the council passed an ordinance for the paving. Bids were advertised for and on May 17th the work was let to the Western Construction and Paving Company at seventy-two cents per square yard but no contract was entered into and on June

27, 1907, the council, acting on the advice of the counselor "that the proceedings for tarvia pavement were irregular" began new proceedings by passing the following initiatory resolution:

"A resolution to pave with macadam with tarvia surface, Main street from Bridge over Missouri Pacific Railway to center line of Sea avenue.

"Be it resolved, by the council of the city of Independence, Missouri, as follows:

"Section 1.   That the council deems it necessary to pave Main street from the bridge over Missouri Pacific Railway to center of Sea avenue from curb line to curb line with macadam with tarvia surface, except at street and alley intersections where the paving shall extend from street line to street line, except also that portion of said street required by the terms of franchise ordinance No, 2184 to be paved by the Metropolitan Street Railway Company to which ordinance reference is hereby made.   The price of said paving not to exceed one and no-100 dollars per square yard.

"Section 2.   That the council does hereby declare said work and improvement necessary to be done and that the cost, thereof be paid for with special tax bills issued and levied against the property liable therefor according to law.

"Section 3.   That this resolution be published for seven consecutive insertions in the Daily Sentinel, a daily newspaper printed and published in the city of Independence and doing the city printing."

This resolution was duly published and no remonstrance was filed.   The engineer did not refile the plans and specifications nor a new estimate.   An ordinance for doing the work was passed August 1, 1907, which provided that "all of said improvement shall be done in accordance with the plans and specifications and within the estimate of the costs as pre-

pared by the city engineer and submitted to the council, and now on file in the office of the city clerk and to which plans, specifications and estimate reference is hereby made."

It specifically repealed "all ordinances or parts of ordinances in conflict herewith" and provided that the work should be completed within ninety days from date of contract unless delayed by litigation, bad weather or other work on the street and that for any such reason the council might grant an extension of time to the contractor. Subsequently and in due order of procedure the work was let to Colyer Brothers at 94¾ cents per square yard and a contract was entered into on September 26, 1907. Afterward and within ninety days from the date of the contract the council by ordinance extended the time for completing the work to April 1, 1908, and again on March 24th, extended the time to May 1st. These ordinances did not state the ground on which the extensions were granted.

We approve the finding of the trial court that the work was completed within the period of the last extension. It was accepted by the city and the tax bills were issued May 26, 1908. Afterward Colyer Brothers, for value, sold and assigned the tax bill in suit to plaintiffs.

The first point made by defendants is that the resolution passed June 27, 1907, which initiated the proceeding under which the work was done was insufficient to inform the property owners and public of the nature of the proposed improvement. The resolution does not refer to plans and specifications and its description of the work is quite general but we think sufficient. Under the statutes (Sec. 9255, Rev. Stat. 1909) relating to cities of the third class, a resolution declaring the proposed improvement necessary to be done is the first step to be taken in the improve-

ment of a public street at the cost of the property owners. The prime purpose of such resolution is to notify the property owners of what is proposed to be done at their expense, in order that they may have a fair opportunity to act intelligently on the prosposal and to oppose it if they think the improvement unnecessary, or, if necessary, that it should be of a character different from that proposed. To accomplish such purpose it is not necessary that the resolution should go into the details of the work or give more than its general outlines. "The resolution needs only be sufficiently specific to fully inform the public of the general nature and kind of improvement, and is not understood to demand that specific and minute detail which is expected to be found in specifications." [Muff v. Cameron, 134 Mo. App. 607.]

In giving the general dimensions, character and maximum cost of the pavement we think the resolution contained sufficient information from which an intelligent conclusion could be formed respecting the necessity and wisdom of paving the street in such manner and, therefore, that the purpose of the statute was fully satisfied.

Next it is urged that the estimate and plans and specifications which were made and filed about two months before the passage of the last resolution, being prepared and filed in the course of the irregular proceeding could not be used in the final proceeding.

The statutes provide (Sec. 9254, R. S. 1909) that "before the council shall make any contract for . . . paving . . . any street . . . an estimate of the cost thereof shall be made by the city engineer . . . and submitted to the council and no contract shall be entered into for any such work or improvement for a price exceeding such estimate." And further provide (Sec. 9255) "When the council shall deem it necessary to pave, macadamize, gutter,

curb, grade or otherwise improve the roadway of any street, avenue or alley, or other highway, or any part thereof, within the limits of the city, for which a special tax is to be levied as herein provided, the council shall, by resolution, declare such work or improvement necessary to be done, and shall cause plans and specifications for such work and improvement, together with an estimate of the cost thereof, to be prepared by the city engineer, or other proper officer, and filed with the city clerk of such city, subject to the inspection of the public.''

The obvious purpose of the estimate is to guard against the letting of public work at an excessive cost even to the lowest and best bidder and the statute contemplates that such purpose will be satisfied if the estimate is submitted at any time before a contract is entered into. There is no prohibition against the submission of an estimate prior to the resolution and we perceive no ground for the contention that the council could not, as it did in this case, adopt an estimate submitted on the identical improvement in a time before the passage of the resolution so short as to preclude the thought of any change having occurred in the cost of such work. It is not intimated that any such change had occurred and to pronounce the tax bills invalid on a point so barren would be most unjust. This is not an instance where a proceeding for a public improvement has been abandoned and is being resorted to in an effort to bolster up a subsequent independent proceeding but is one where, in a single and continuous proceeding, a mere irregularity caused the council to go back and retravel a part of the necessary course.

The plans and specifications were prepared by the engineer, filed before the letting of the contract or the advertising for bids and were expressly referred to in the ordinance for the work. They were made

and filed for this particular improvement and served every purpose the statutes contemplate shall be served by plans and specifications. It is immaterial when they were prepared or filed with reference to the passage of the resolution. Since the ordinance adopted them and they were lodged in the office of the clerk for the information of bidders and for the guidance of the contractor in the performance of the work they were to all intents and purposes lawful plans and specifications filed in proper time.

We do not agree with counsel for defendants that the extension ordinances were invalid because of their failure to state a cause for extending the time which the contract provided should be regarded as good ground for such extention. The rule is well settled that the municipal assembly "has the power to extend the time for the completion of a contract beyond the period specified therefor in the original ordinance if the extending ordinance is passed prior to the expiration of the time limited in the original ordinance." [Hund v. Rackliffe, 192 Mo. 312; Paving Co. v. Hayward, 248 Mo. 280, 154 S. W. l. c. 146; Jones v. Paul, 136 Mo. App. 524.]

In the absence of a contrary showing we must indulge the presumption of right acting on the part of the council and assume that the ordinances were supported by a valid reason, by one recognized in the contract as good cause for an extension. [Bridewell v. Cockrell, 122 Mo. App. l. c. 205.]

Finally it is urged that the evidence shows beyond question that the work was not done in compliance with the specifications.

It may be conceded there can be no recovery unless the contract was fairly performed by the contractor. [Independence v. Knoepker, 134 Mo. App. 607; Kansas City v. Askew, 105 Mo. App. l. c. 87.]

The court so stated in declarations of law given at the request of defendants but found as a fact that the

contract had been substantially performed. We have examined the evidence on this subject and find in it abundant support for the court's finding which, of course, must be treated as a verdict of a jury. There is no material error in the record and the judgment is affirmed.

All concur.