HELEN F. SMITH, Appellant, v. THE CITY OF WESTPORT et al., Respondents.

Kansas City Court of Appeals, March 7, 1904.

1. **TAXBILLS:** Published Resolution: Grading: Statute. A published resolution declaring the necessity of the paving of a certain street failed to describe the work of the necessary grading. The cost of the grading was taxed in the bills. *Held,* the bills were void since to create a lien on the citizen's property adherence to the statute must be had.

2. ———: Notice: Contractors: Passage of Ordinance. A city council has power to advertise for bids and contract for paving a street before passing an ordinance ordering the work to be done if such steps were taken by proper resolution.

3. ——: Contract: Time: Ordinance. Though a city may extend the time for paving a street when the contract provides for a forfeiture for each day after the specified time, when the ordinance requires that the work shall be done in a definite time, the city council can not extend the time since it is the essence of the contract.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED (*with directions*).

C. H. Nearing for appellants.

(1) The resolution declaring the work necessary did not include and describe the work of bringing the street to grade. (2) The notice to contractors was not published in some paper published in the city for one week, as required by law. (3) The work was not completed within the time required by contract and ordinance.

*Karnes, New & Krauthoff* for respondents submitted lengthy argument.

BROADDUS, J.—This is a proceeding in equity to remove from the title of plaintiff's property the lien of certain taxbills issued by the city of Westport, a city of the fourth class, for the improvement of Holmes street between thirty-first and thirty-third streets on which her property faced.

On June 3, 1896, the city council adopted a resolution declaring that it was necessary that Holmes street between the streets named be macadamized and curbed, which resolution further declared that the general revenue fund of the city was not in condition to warrant an expenditure to bring the street to the established grade. On July 11, 1896, a notice to contractors that sealed proposals would be received by the city engineer until 5 o'clock p. m. Saturday, July 18, 1896, for grading, curbing and macadamizing the street in question, was pub-

lished, and that plans and specifications could be seen at the office of the city clerk. On July 13, following, an ordinance was passed by the city council providing material, without terms and conditions of construction of the work, and on July 18, next thereafter, bids were open for the construction of the work. The only publication had of this notice to contractors after the passage of said ordinance was on said day when the bids of the contractor were opened. The last named ordinance has the following provision: "The work shall be completed within sixty days from the time a contract therefor binds and takes effect and shall be paid for in special taxbills issued against and upon the lands charged with the costs hereof according to law, which work the board of aldermen deem it necessary to have done." The finding and judgment were for the defendants.

The contract for the work was dated the seventeenth of August, 1896. It contains the following provisions as to time, viz.: "The work embraced in this contract shall begin within ten days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the engineer shall specifically direct otherwise in writing) with such force as to secure its full completion within sixty days from its confirmation. The limit of beginning, rate of progress, and time of completion being essential conditions of this contract."

The work not having been completed within the time provided in the contract, afterwards, on October 8, an ordinance was passed extending such time to January 1, 1897. The work was completed and accepted on December 17, 1896. Plaintiff contends that the taxbills are illegal for the following reasons: 1. Because the resolution declaring the work necessary did not include and describe the work of bringing the street to grade. 2. The notice to contractors was not published in some paper in the city for one week, as required by

law.  3.  The work was not completed within the time required by contract and ordinance.

The failure of the board of aldermen to describe the work of bringing the street to the established grade was an omission to perform a duty imposed upon cities of the fourth class by section 5988, Revised Statutes 1899. Said section was one of the charter provisions of the defendant city and its corporate acts must be performed in the manner directed by its charter. Nevada v. Eddy, 123 Mo. 546; Kirksville v. Coleman, 77 S. W. 120; Kansas City ex rel. v. Askew, 105 Mo. App. 84.

The ability of a city to create a lien on the property of a citizen rests exclusively in the adherence to the method prescribed by the ordinance in pursuance of the authority contained in the charter. Kiley v. Oppenheimer, 55 Mo. 376; State v. Bank, 45 Mo. 528. "Proceedings by which the citizen is to be divested of his property *in invitum* must be pursued." Fay v. Reed, 128 Cal. 357. The object of said section and of section 5989 is to inform the citizen whose property is to be affected the nature and extent of the contemplated improvements so that he may protest against it being done at his expense if he chooses to do so. And the resolution should omit nothing that the statute requires, or else it does not bind the property owners.

As the notice to contractors for bids for the work was published on July 11 and the ordinance was passed July 13, providing for method, terms and conditions of construction, and bids were opened July 18, plaintiff contends that the notice was not published according to law, as the only notice that was published after the passage of the said ordinance on the thirteenth of said month was published on the last named date. In other words, her contention is that there should have been one week's publication after said last named date whereas there was only five days. That could make no difference under the ruling in this State. "A city council has the power to advertise for bids and contract for paving a

street before passing an ordinance ordering the work to be done if such steps were taken by proper resolution." Springfield v. Weaver, 137 Mo. 650.

The final contention is that the taxbills were void because the work was not completed within the time provided by the contract and by the ordinance. In Heman v. Gilliam, 171 Mo. 258, where there was a provision in the contract as to when the work should be completed, similar to that of the contract here, the court held that it was not a provision for a stated time within which the work should be completed, but for a reasonable time. See also Sparks v. Villa Rosa Land Co., 99 Mo. App. 489. But in neither of the last two named cases did the ordinances provide any specified time in which the work should be completed. Under the rule in Heman v. Gilliam, supra, the provision in the contract here as to the time when said work should be completed is to be construed as a reasonable time and not a fixed time—for the reason that it is specified that if the contractor does not complete the work within a specified time he shall forfeit a certain proportion of his pay for each day thereafter until he has so completed his work.

But here the ordinance requires that the work shall be completed in 60 days. In Barber Asphalt Co. v. Ridge, 169 Mo. 376, the court said: "We are clearly of the opinion that the city council had no authority to issue a valid taxbill for work which had not been done within the period prescribed under the ordinance which required it to be done, and to validate that which was void and incurable." To the same effect is McQuiddy v. Brannock, 70 Mo. App. 535. The time for the completion of the work was fixed by the ordinance and governs, and if the contract varies from it in that respect it is to be disregarded. Time therefore became of the essence of the contract and the failure of the contractor to complete his work within said time rendered the taxbills void. But it is insisted that the board of al-

dermen waived the provision as to the time limit by extending it until January 1, 1897. Where time is not of the essence of the contract it may be waived, and courts do not enforce forfeitures against derelict parties in such cases. But here, as has been said, time being of the essence of the contract, the board of aldermen had no more power to waive it by extension than it had to waive anything else in said contract.

We hold that the taxbills are void for the reason given and the cause is reversed and remanded with directions to set aside the judgment heretofore entered and to enter a judgment in favor of plaintiff as prayed for in her petition. All concur.