FRANCIS J. CUSHING, Appellant, v. ELMIRA E. RUSSELL, Respondent.

**Kansas City Court of Appeals, December 7, 1908.**

TAXBILLS: Second-Class Cities: Street Improvement: Ordinance: Publication. Under the charter of second-class cities a street improvement must be done under an ordinance without any resolution, and where an ordinance prescribed an advertisement of five days for bids and two of the advertisements were prior to the date of the ordinance taking effect the proceeding together with the resulting taxbills are void.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

AFFIRMED.

*Thomas F. Ryan* and *Charles F. Strop* for appellant.

(1) Under the pleadings and evidence in this case the finding and judgment should have been for the plaintiff and the court erred in finding for the defendant. (2) The court erred in giving the third declaration of law asked by the defendant, which is as follows: "The charter and the ordinances of the city of St. Joseph make no provisions for the passage of a resolution authorizing the grading and paving of streets in said city; the said charter requires the authority of an ordinance in full operation and effect before any steps can be taken by advertisement towards the making of any such improvements, and any advertisement made prior to the taking effect of said ordinance is of no force or virtue."

*Culver & Phillip* for respondent.

(1) The demurrer to the evidence was properly given. St. Louis v. Brinckworth, 204 Mo. 294; Dunlap

v. Kelly, 105 Mo. App. 4; Bank v. Pennington, 42 Mo. App. 356; Mayer v. Ald, 51 Mo. App. 214. (2) The ordinance providing for the pavement and directing the city engineer to advertise for bids for five days was approved September 16, 1901, and by the terms of the charter then in force, took effect ten days thereafter, to-wit, September 26. Laws 1901, p. 58, sec. 5503. (3) Under the charter of St. Joseph the council was given power to pave or improve a street "at such time, and to such extent, and with such materials and in such manner and under such regulations as shall be prescribed by ordinance." R. S. 1899, sec. 5661. (4) The passage of the ordinance was essential to confer upon the council the jurisdiction to make the contract, and in no other way could the power be exercised. R. S. 1899, sec. 5508, Sub. VIII; Saxton v. Beach, 50 Mo. 488; Gehling v. St. Joseph, 49 Mo. App. 432; Beatty v. St. Joseph, 57 Mo. App. 253; Stuebner v. St. Joseph, 81 Mo. App. 276; Eichenlaub v. St. Joseph, 113 Mo. 402. (5) Until the ordinance conferring jurisdiction took effect, it was a nullity, as much so as if it had never been passed; and no act done thereunder before it became effective was valid. Keane v. Cushing, 15 Mo. App. 96; Keane v. Klausman, 21 Mo. App. 485; City v. Alexander, 23 Mo. 483; Cases Collated, 28 cyc. 392, 393; Bank v. Grenada, 44 Fed. 262.

JOHNSON, J.—This is an action to enforce the lien of certain special taxbills issued June 7, 1902, by St. Joseph, a city of the second class, in payment of the cost of grading and paving King Hill avenue between Division street and Illinois avenue. A jury was waived, the court, after hearing the evidence, held the taxbills invalid, rendered judgment for defendant, and plaintiff appealed.

The validity of the assessment is attacked in the answer of defendant on different grounds, but we find it necessary to discuss but one of them, as we have

reached the conclusion that it deals with a fatal defect in the proceedings leading to the assessment. The ordinance which authorized the improvement was passed by the municipal assembly and approved by the mayor, September 16, 1901. It contained the provision "the city engineer is hereby authorized to advertise for five days for proposals for doing the work ordered in this ordinance." The advertisement, dated September 23d, notified contractors that "proposals for the above work will be received at 12 M. Monday, September 30, 1901, and will be opened and read that day at the office of the city engineer." The publication of this notice was from September 24th to 28th inclusive. The bids were opened at the time stated and the contract was awarded to the contractor from whom plaintiff subsequently purchased the taxbills in suit. An act relating to cities of the second class, passed by the Legislature in 1901, was in force at the time of these proceedings (Laws 1901, page 55, et seq.). It provided (section 5503, p. 58): "No ordinance passed by the assembly except ordinances appropriating money shall take effect or be in force until ten days after its approval." This provision is invoked by defendant who argues that the ordinance to which we have referred, being approved September 16, 1901, did not become effective until the 26th day of the month and as it required the advertisement of bids to be published for five days, the authority of the engineer to advertise did not begin until the ordinance went into effect and, therefore, the requirement of the ordinance could not have been fulfilled on September 30th, the day the bids were opened by the engineer, since only three days then had elapsed from the day on which the ordinance became effective. This argument, of course, rejects as a nullity, because made without authority, the publication of the advertisement on the 24th, 25th and 26th days of the month.

Plaintiff combats this position by saying the law did not require that the ordinance should be in force at the beginning of the advertisement for bids, and to sustain his contention, relies on the opinion of the Supreme Court in Springfield to use v. Weaver, 137 Mo. 650, afterward followed by this court in City of Trenton v. Collier, 68 Mo. App. 483, and Smith v. Westport, 105 Mo. App. 221. In that case, the taxbill was issued by a city of the third class, and we find the statutes relating to the subject of street improvements in cities of that class materially different from those by which proceedings in the present case were to be governed. Section 1495, 1496, 1497 and 1498, Revised Statutes 1889 (the statutes applicable to the Weaver case), expressly provide that a proceeding for the improvement of a street in cities of the third class, shall be initiated by the adoption and publication of a resolution declaring the improvement necessary. They also require the city to enact an ordinance but do not provide or intend that the enactment of the ordinance shall precede the awarding of the contract for the work. "By the resolution, and its publication, jurisdiction of the subject-matter and of the parties interested was acquired. The enactment of an ordinance to pave the street was one necessary step in the proceedings, but the charter is silent as to the relative time and place in the proceeding at which it should be made. Under the charter provisions, without reference to the ordinances of the city, the enactment of an ordinance would be sufficient if made at any time before work on the improvement was commenced. Indeed, the logical order of procedure would postpone the ordinance until after it was determined that a proper contract for making the improvement could be secured." [Springfield to use v. Weaver, supra.]

In City to use v. Eddy, 123 Mo. 546, the court in dealing with an improvement in a city of the third class, clearly held that the adoption and publication of the

preliminary resolution and the enactment of an ordinance are jurisdictional acts that must be performed before the improvement may be made, but that the resolution is the only one of those acts that must be accomplished in order to give the city authority to contract for the improvement. This is the extent of the holding in the Weaver case. In neither case has the Supreme Court intimated that the city could make a legal contract for the work without the performance of the prescribed initiatory act, the passage of a resolution, or the enactment of an ordinance as the statute may require.

The statutes which, at the time of the proceedings in the present case, related to street improvements in cities of the second class, contain no provision for the passage of a preliminary resolution. Instead, they require the proceedings to be initiated by ordinance. [Sec. 5661 and subdivision VIII of section 5508, Revised Statutes 1899.] The subject-matter of such ordinance thus is stated in section 5661: "The common council shall have power to cause to be graded, constructed and reconstructed, paved, or otherwise improved and repaired at such time and to such extent and of such dimensions and with such materials and in such manner and under such regulations as shall be provided by ordinance," etc. In prescribing a method of advertising for bids, the ordinance under consideration dealt with a subject properly within its scope, and in requiring five days' publication to be made by the engineer, it called for the performance of an act of a jurisdictional character. The city had no more authority to begin the publication before the ordinance became effective than it had to let the contract without an ordinance, and that part of the publication was a mere nullity. The ordinance here occupied the position and was to discharge the functions of the resolution in the Weaver case. Had the city in that case advertised for bids and let the contract without a resolution, the assessment would have been void. It is void

in this case because the advertisement was not published five days after the ordinance went into force—a thing the ordinance required should be done. Of necessity, this jurisdictional defect in the proceeding invalidates the taxbills.

The judgment is affirmed. All concur.