F. S. CUSHING, Appellant, v. E. H. BULLOCK et al., Respondents.

Kansas City Court of Appeals, November 7, 1910.

SPECIAL TAXBILLS: Extension of Time: Waived. An ordinance and contract thereunder, provided for grading and paving a street and that the work should be done within a certain time. The ordinance was invalid and the contractor, after starting the work but before the time had expired, became doubtful of the validity of the taxbills to be issued in payment therefor. He then procured the owners of abutting property to sign a request that he proceed with the work and complete it as stipulated in the ordinance and contract. Afterwards, without consent of the property owners, the contractor procured the city to grant him six months extension of time and the work was completed within the latter time. Held, that the written waiver only applied to the contract as it stood when the waiver was signed, and that it could not be held to include modifications or enlargements made afterwards without the consent of the property holder.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin*, Judge.

AFFIRMED.

*Chas. F. Srop* and *Eugene Silverman* for appellant.

In plaintiff's exhibit A, Mrs. Hutton, one of respondent's grantors, in order have the improvement made expressly waived all defenses to the taxbills sued on and agreed not to contest their validity. This agreement was founded upon a good consideration, is lawful, estops respondent and entitles appellant to judgment.

*Culver, Phillip & Spencer* for respondents.

(1)   On the record the taxbills are void.   The tax-
bills sued on in this case were issued for the same
work as the taxbills were which were adjudicated by
this court and held void in Cushing v. Russell, 134 Mo.
App. 650. The record in the case at bar, so far as it
goes to the validity of the taxbills, is identical with
the record in the case of Cushing v. Russell, supra, and
therefore this court must hold (and in fact it is con-
ceded by the respondent) that all the taxbills sued
on in this case are void for the reasons stated in the
opinion last above referred to.   (2)   The only ques-
tion presented by this record is whether the contract
signed by Mrs. Hutton precludes the respondents from
defending against the invalidity of these bills.

ELLISON, J.—Plaintiff's action is based upon cer-
tain special taxbills issued for improvements begun on
certain streets in the city of St. Joseph, when the abut-
ting property was owned by the widow and children
as heirs of one Hutton.   They afterwards sold to de-
fendant Bullock.   The judgment in the trial court was
against the validity of the bills.

The ordinance authorizing the work is the same
as that declared to be void in Cushing v. Russell, 134
Mo. App. 650, and it is conceded that the bills are void
under that decision unless validated by the follow-
ing consideration:

The contract for doing the work provided that it
should be completed within ninety days from the
3d of October, 1901, and time was made an essential
condition of the contract.   The work was not com-
pleted until near six months after the time it was
agreed that it should be.   However, the city afterwards
extended the time six months beyond that stated in
the contract, and the work was completed within the

extended time. It seems that during the progress of the work the contractor concluded that the taxbills would probably be invalid and he set about to obtain the written request from property holders to proceed with the work according to the contract and that if he did, they would not contest the bills. Mrs. Hutton, the widow, signed this request, though the other heirs did not. This request was signed before the original time of ninety days for completion of the work had expired and before the time had been lengthened by the six months extension. It was stated by counsel that the defendant Bullock did not know of this request of property holders when he bought the property, and it was, therefore, not binding on him. But it will not be necessary to consider that phase of the case.

The plaintiff contends that by signing the request to complete the work, there was a waiver of the invalidity of the taxbills, and that is the question for decision.

The writing requested the contractor ''to do the work and complete the same in accordance with the terms and provisions of the aforesaid ordinances and of his said contract with the city of St. Joseph, and we agree that if said Halsey (the contractor) will complete said work to the satisfaction of the city engineer as aforesaid, that we will not contest the validity of any taxbills issued in payment for said work and against our respective pieces of real estate, but we hereby waive any and all defenses which might be made against said taxbills.''

Bearing in mind that when this request was signed, the contract required the work to be completed within ninety days from the third day of October, which would be in the first days of January following, it must be apparent that it could not have relation to, or influence upon, any other condition than those then existing. It seems that the contractor afterwards concluded that he would not, or could not, complete the work as agreed

and he, without Mrs. Hutton's consent, obtained from the city six months extension of time, as already stated. But the request relied upon as a waiver was conditioned that the contractor should not only go ahead and "do the work" but he was to "complete the same in accordance with the terms and provisions" of the contract, among which was the imperative one that the work should be finished in ninety days. This was made of the essence of the contract. It must be assumed that Mrs. Hutton wanted the work done and out of the way so as not to inconvenience her or embarrass the use of the property, and so she agreed that if it was completed in the time agreed upon, she would waive the illegality which had appeared in the proceedings.

Plaintiff insists that the contract of waiver, properly interpreted, meant only that the work should be done "to the satisfaction of the city engineer." That idea is not borne out by either the words or evident meaning of the writing. The work was to be done as specified in the original contract between the contractor and the city. The waiver contract had specified that the work should be done and completed as required by the contract with the city, and the reference to the engineer was not to annul the terms of the contract with the city, but merely that he should see to it that those terms were performed. This is evidenced by the words "as aforesaid," which mean that the work should be performed in the manner and within the time as before stated in the contract.

The judgment was manifestly for the right party and is affirmed. All concur.