ED C. LEE et al. v. C. L. ROGERS et al.

Springfield Court of Appeals, January 29, 1923.

1. **MUNICIPAL CORPORATIONS: Ordinance Held Valid.** Revised Statutes 1919, section 8132, relating to construction of sewers for cities of the second class, and providing that the city council shall pass an ordinance setting forth the dimensions and materials, does not prescribe any particular time for passing; hence an ordinance passed after estimates of costs and bids were submitted, but before work was commenced, was timely.

2. ————: **Description of Dimensions and Materials by Reference Held Compliance with Statute.** Under Revised Statutes 1919, section 8132, relating to construction of sewers for cities of the second class, and providing that the city council shall pass an ordinance prescribing the dimensions and materials to be used in the proposed sewer, an ordinance describing such dimensions and materials by reference to the plans and specifications of the city engineer on file in his office is a sufficient description to comply with the statute.

Appeal from the Circuit Court of Greene County.—*Hon. Orin Patterson,* Judge.

REVERSED.

*Frank B. Williams* and *John T. Sturgis* for appellant,

(1) The statute, section 8132, Revised Statutes 1919, nowhere says that the ordinance prescribing the dimensions and materials shall be enacted before advertising for bids, nor at any particular stage of the proceedings. It is sufficient if such ordinance be passed at any time before the contract is made and the work done. Springfield to use v. Weaver, 137 Mo. 650, 666; City of Trenton v. Collier, 68 Mo. App. 483, 489 and 492; Smith v. Westport, 105 Mo. App. 221, 224; Cushing v. Russell, 134 Mo. App. 650, 653; Whitworth v. Webb City, 204 Mo. 579; Secs. 8661 to 8667, R. S. 1919. (2) In absence of express provision of city charter or ordinance duly enacted, a city may construct sewers by contract and issue valid tax bills, without either advertising for bids or letting the contract to the lowest bidder. Warren v. Barber Paving Co., 115 Mo. 572, 579; Thrasher v. Kirksville, 204 S. W. 804; Springfield to use v. Weaver, supra; City of St. Louis v. Public Service Commission, 207 S. W. 799, 803.

*W. D. Tatlow* for respondent.

(1) Enactment of an ordinance first prescribing the dimensions and materials to be used in the construction of the sewer is a condition precedent to such construction by the city. City to use, etc., v. Eddy, 123 Mo. 546; Wheeler v. City, 149 Mo. 36; 49 S. W. 1088; City of Sedalia v. Donahue, 190 Mo. 407, 89 S. W. 386; Asphalt Paving Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25; Kotch v. City, 220 S. W. 1007. (2) Statute by inference requires that the dimensions and materials be prescribed by ordinance before any other steps are taken. State ex rel. v. Laclede Gaslight Co., 102 Mo. 472, 485. (3) The duty of prescribing the dimensions of the proposed improvement is legislative and not ministerial and cannot be delegated to city engineer or other officer. Rugless v. Collier, 43 Mo. 353; Whitworth v. Webb City, supra; City of California v. Kiesling, 180 S. W. 559.

FARRINGTON, J.—The plaintiffs in this action filed a suit in equity for the purpose of cancelling certain tax bills issued by the City of Springfield, Missouri, to a sewer contractor. The sewer which was constructed was known as District Sewer No. 23 of Section 3. The record clearly shows that the sewer was constructed according to the plans, specifications and contract entered into. The court entered a decree for plaintiffs, holding that the tax bills were void. The defendants are the contractor and owners of the tax bills and have appealed from that decree.

There is but one question involved in this suit, and that is one of law. The ground upon which the trial court held that these tax bills were void was that the city had failed to meet the statutory requirements as to necessary advertisements in causing this sewer to be constructed. The city is of the second class, and the requirements for the construction of sewers for cities of this class will be found under section 8132, Revised Statutes 1919, which, so far as is necessary for a disposition of the question here, is as follows: "The council shall cause sewers to be constructed in each district whenever it shall deem such sewers necessary for sanitary purposes; *and said sewers shall be of such dimensions and materials as may be prescribed by ordinance* (Italics ours), etc. We have italicized the particular provision of the statute upon which this case must turn.

It is contended by the respondents that because no ordinance was passed prior to the advertisement for bids setting forth the dimensions and the materials, that the tax bills issued were for that reason void. The record discloses that the following proceedings *were* had concerning the construction of this sewer and issuance of said tax bills: At a regular meeting of the city council on October 5, 1920, there was presented a petition asking for the construction of this district sewer, which petition, by the way, was signed by plaintiff Ed C. Lee and four other property owners. The same was referred to

one of the members of the council who at a regular meeting of October 9, returned it, making a notation that the petition be filed and that the city engineer prepare and file plans, specifications and estimates of said district sewer. At a meeting of November 23, 1920, an ordinance was passed establishing the sewer district, setting forth that the city council deemed its construction necessary for sanitary purposes, and which ordinance further contained an emergency clause. On December 1, 1920, an ordinance was passed, the first section of which defined the routes of the lines of this sewer district, the second section directing the city engineer to make and submit an estimate of the cost, and the Commissioner of Streets and Public Improvements was directed to advertise for sealed bids for the construction of the sewer. The third section provided for the issuance of these tax bills by special tax bills, and the fourth section contained an emergency clause. At a council meeting on December 21, 1920, the estimate of the cost for construction of this sewer, filed by the city engineer December 15, 1920, was read and ordered filed, and on December 23, 1920, the engineer opened bids in the presence of the council, the defendant Ralph W. Langston being one of the bidders. At this meeting there was a communication from a contractor calling the council's attention to the fact that no ordinance had been passed by the council setting forth the dimensions and materials, as provided by law, accompanied the same by an opinion of his attorney in which it was stated that this provision of the law had not been embodied in an ordinance and refused to submit a bid for the construction of this sewer. No attention was paid to this communication from this contractor, and it being found that the bid of Ralph W. Langston was within the engineer's estimate, the Commissioner of Streets and Public Improvements recommended the acceptance of his bid. An ordinance was then passed by the council, the first section of which recites that the bid of Ralph W. Langston on

said sewer be accepted at the sum and price, and the contract be awarded at the price and sum set forth in his bid, and under the plans and specifications of the city engineer on file in his office. Section 1 further directed the Mayor and Commissioner of Streets and Public Improvements to enter into a contract in accordance with his bid and the plans and specifications of the city engineer and city ordinance for the construction of said sewer. Section 2 of the ordinance is as follows: "The plans and specifications of the City Engineer now on file in his office for the construction of said sewer are hereby adopted and approved by this council," then follow other sections of this ordinance not of interest in this suit.

It will thus be seen from this record which we have set out that the first time the city council passed an ordinance which undertook to set forth the dimensions and materials that would go into this sewer was in the ordinance accepting the bid of the contractor, passed on December 23, 1920, in the second section of said ordinance, which we have quoted. In view of the fact that the plans and specifications were on file in the engineer's office, we think there is no doubt but that Section 2 of this ordinance, which we have quoted, did by ordinance set forth the dimensions and materials of the same, and respondents make no serious contention that that was not a sufficient description in order to comply with the section of the statute which required that the dimensions and materials be set forth by ordinance. Respondents do contend that the failure on the part of the council to have passed an ordinance setting forth the dimensions and materials prior to the advertisement for bids and acceptance of bids rendered the proceedings void. That is to say, respondents contend that this setting forth, as contained in Section 2 of the ordinance passed on December 23, 1920, was belated and was not a strict compliance with the terms of the statute; the theory urged being that the whole proceedings, so far as these plaintiffs were concerned, was *in invitum,* and that in

such proceedings in order that tax bills may be legally fastened on the land of those living within a sewer district there must be a strict compliance with the fundamental law authorizing the council to act in such cases. Council for appellants admits that a city, in order to create a special tax for the construction of a sewer, must comply literally and strictly with the statute, but contends that the record in this case shows that the city did so act and points a finger to the statute and calls attention to the fact that the statute does not provide any particular time that the ordinance must be passed which sets forth the dimensions and materials, and therefore contends that such ordinance being passed prior to the commencement of the work on the sewer, the same was in due time and a full compliance with the terms of the statute in this respect. We are constrained to hold with the appellants on this point.

Our attention is called by respondents to the case of City to use of, v. Eddy, 123 Mo. 546, 27 S. W. 471, which holds that municipal corporations can exercise only such powers as are expressly granted or necessarily implied. That corporate acts must be performed in the manner directed by the charter, and that all ordinances must be enacted to properly levy assessments on property in a street paving case, and that a resolution attempting to do so will render the tax bill void. This case is authority for the rule of law that the city must comply strictly with the terms of the statute granting the power to act, and that where such action must be by ordinance, nothing short of an ordinance will suffice. This point is not a contention in this law suit. The same may be said of other cases cited by respondents, such as Wheeler v. City, 149 Mo. 36, 49 S. W. 1088; City of Sedalia to use of v. Donahue, 190 Mo. 407, 89 S. W. 386; See also, Barber Asphalt Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25. This question was referred to in the case of Kotch v. City, 220 S. W. 1009. It will be seen on reading what was said in the last case cited in connection with this

matter that the council at no time passed an ordinance designating the character of material which was to be used. The contention here is not that such an ordinance was not passed, but whether it was passed in time to conform to the statutory requirement.

The case of Thrasher v. City of Kirksville, 204 S. W. 804, cited by respondents, is merely another opinion holding that the property owners are entitled to a strict compliance with the terms of the statute authorizing the council to act, as well as a strict. compliance with the terms of the ordinance which was passed. It is not helpful in deciding the point at issue in this case.

Coming now to consider the cases cited by appellants, we think that they are authorities upholding the contention made. The first case relied upon is that of Springfield, to the use of, v. Weaver, 137 Mo. 666, 37 S. W. 509. That was a street paving case, and the statute required that an ordinance be passed ordering the improvement made. The ordinance authorizing the work to be done was not passed until after the advertisement had been made and bids received, and it will be noted by referring to the top of page 666 that it was long after the bid of the contractor was in, and the work was ordered at the same time the contract was awarded to the contractor. The Supreme Court, on pages, 666 and 667, holds that the enactment of an ordinance to pave the street was a necessary step in the proceedings, but that the charter was silent as to the relative time, and held that ordinances of this character, if enacted at any time before the work on the improvement was commenced, would be in due time. This case, in effect, holds that where a matter of improvement must be set forth by an ordinance and does not specify the time such ordinance is to be passed, it is sufficient if the city council takes such action and passes such an ordinance prior to the commencement of the work, and that the order in which such act is done is not a matter of substance and should not invalidate tax bills.

It is interesting to note that the Kansas City Court

of Appeals, in the case of City of Trenton v. Collier, 68 Mo. App. 483, in the first opinion delivered by the court, adopted the theory contended for by respondents in the case at bar, and held that an ordinance declaring the character and extent of materials of the improvements should be made prior to the letting of the contract and the passage of the ordinance authorizing the construction, otherwise the contract would be void. But on a rehearing, the opinion of which will be found on page 492, the court calls attention to the then recent case of City of Springfield to use of Central National Bank v. Weaver, and holds that under that authority it must take back what was said in its first opinion, and holds that the passage of the ordinance setting forth the material, etc., at the time the contract was let, was sufficient to uphold the tax bills. [See Smith v. City of Westport, 105 Mo. App. 221, 79 S. W. 725; Cushing v. Russell, 134 Mo. App. 650, 114 S. W. 555.]

It is unnecessary to discuss the cases of Whitworth v. Webb City, 204 Mo. 579, 103 S. W. 86, and California v. Kiesling, 180 S. W. 559. There are statements in the opinions in these cases tending to sustain the contention of the appellants, but respondents call out attention to the fact that a different rule obtains where the city undertakes to do the work itself, and that in such case a substantial performance will suffice. This is held in the case of City of St. Louis v. Ruecking, 232 Mo. 325, 134 S. W. 657.

We think the cases to which we have heretofore called attention, cited by appellants, are sufficient authority to hold that the ordinance of December 25, 1920, referring to the plans and specifications then on file in the engineer's office, was a sufficient compliance with the provisions of the statute requiring an ordinance setting forth the dimensions and materials, and that such ordinance was sufficient both in description and in point of time. Entertaining these views, it therefore follows that the judgment of the trial court must be reversed, and it is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.