## V. E. KOCH, Respondent, v. WILLIAM F. NORTON et al., Appellants.

In the Springfield Court of Appeals, February 27, 1924.

MUNICIPAL CORPORATIONS: Public Improvements: Ordinance Providing for Improvement Need not be in Force Before Bids Advertised for and Accepted. In a suit to enforce the lien of a special tax bill for paving purposes, where the city council had passed preliminary resolution for the paving and the statutory time for protest was up and all proceedings up to that point had been properly taken, the council had jurisdiction to advertise for and accept bids, even though ordinance providing for the improvement did not become effective until a later date.

Appeal from the Circuit Court of Jasper County.—*Hon. S. W. Bates,* Judge.

AFFIRMED.

*B. J. Woodson* and *Strop & Silverman* for appellants.

(1) An ordinance cannot be made to immediately take effect under the public peace, health or safety clause

of statute, unless it be, in fact, an ordinance falling within such classification; and it is a judicial question whether the ordinance is of such class.   State ex rel. Westhues v. Sullivan, 283 Mo. 546; State ex rel. Pollock v. Becker, 289 Mo. 660; Fahey v. Hackmann, 237 S. W. 752.   (2) The fact that an urgency or some urgency exists for the immediate taking effect of the ordinance will not suffice to put it into immediate effect, even though such urgency is declared in the ordinance. · The only ground of urgency which will put the ordinance into immediate effect is that the immediate taking effect of the ordinance is necessary for the ''immediate preservation of the public peace, health or safety,'' and the ordinance must express the urgency in the language of the statute in order to be effective at once.   State ex rel. Westhues v. Sullivan, 283 Mo. 546; Fahey v. Hackmann, 237 S. W. 752. (3)   The advertisement for bids and letting of the contract being prior to the taking effect of the ordinance, same were premature and the tax bill passed thereon is void.   R. S. 1919, sec. 8136; Cushing v. Russell, 134 Mo. App. 650.

*R. A. Pearson* for respondent.

(1)   Whether an act be referable or not, though a judicial question, will be determined from the face of the act, and if the emergency be doubtful it will be treated as a legislative question and the doubt resolved in favor of the legislative declaration.   State v. Maitland, 246 S. W. 271; Carroll v. Arnold, 179 p. 801.   (2)   Where one statute is general and comprehensive, and another more specific and definite, the latter will be regarded as an exception to or qualification of the general statute. State v. Fulks, 247 S. W. 129; State v. Imhoff, 291 Mo. 717, 238 S. W. 122.   (3)   In a street improvement proceeding, though a construction ordinance is necessary, it is immaterial whether the advertising for bids precedes or follows the ordinance directing the improvement to be made, and such ordinance may be the final

ordinance contracting for the work. City v. Eddy, 123 Mo. 558; Springfield v. Weaver, 137 Mo. 650; Trenton v. Collier, 68 Mo. App. 483; Lee v. Rogers, 247 S. W. 1019.

FARRINGTON, J.—We adopt the statement of appellants, defendants below, making some additions thereto:

This is a suit to enforce the lien of a special tax bill issued by the city of Joplin, a city of the second class, for the paving of Fourth Street from the alley West of Gray Avenue to Shifferdecker Avenue. The amount of the bill is thirty-one hundred eighty-seven and 21/100 dollars ($3187.21), with interest at the rate of eight per cent (8%) per annum from December 27, 1917. The judgment was for plaintiff and defendants appeal.

The petition is in the usual form. The answer alleges that there was no legal advertisement for bids for the doing of the work, and that the advertisement for bids published by the city and upon which the contract was let was not published in the manner and for the time required by the charter of the City of Joplin, and that at the time said advertisement was published, and at the time bids were received, and at the time the contract was attempted to be let, there was not then in force any ordinance of said City of Joplin for the doing of said work, and because of such facts the tax bill is void.

The evidence shows that on July 11, 1916, the City of Joplin passed an ordinance for the grading, sub-grading and paving of said street. Section IV of said ordinance is as follows:

"On account of the fact that the proceedings in this work have been started by the City Council and it is necessary that it shall proceed without interruption in order that the improvement may be gotten in in due time, it is necessary that this ordinance shall take effect as soon as possible. Therefore, an urgency exists as contemplated by the Statutes of the State of Missouri relating to the passage of ordinances in cities of the second

class, and this ordinance shall take effect and be in force from and after its passage.''

Immediately after the passage of this ordinance, an advertisement for bids was published reciting that bids would be received on July 18, 1916 for the doing of said work. On July 18th the Council of Joplin enacted ordinance No. 6120, accepting the bids of V. E. Koch, plaintiff herein, for the doing of said work. Attention should here be called to the fact that the advertisement for bids' was published less than a week after the passage of the ordinance for the doing of the work, and that the contract was awarded in exactly one week after the ordinance authorizing the work.

The testimony shows that no other advertisement for bids was ever published by the city, no bids received except on July 18th, no other ordinance accepting bids passed, and that the work for which the tax bill was issued was done under the advertisement for bids above referred to and the ordinance passed on July 18, 1916.

It is the contention of defendants under this evidence that the ordinance ordering the work was not in force and effect at the time the advertisement for bids was published and the contract let, and that there has been no valid advertisement for bids or letting of the contract, and for that reason the tax bill is void.

The city of Joplin is governed by section 7990, Revised Statutes 1919, providing that no ordinance shall go into effect for thirty days after its passage except otherwise provided by general laws of the State and also except where there is need for immediate preservation of the public peace, health or safety. Such city, in order to issue special tax bills for paving streets, must proceed under section 8136, Revised Statutes 1919:

''When the council shall deem it necessary to grade, pave, macadamize, gutter or curb the roadway of any street, avenue, alley, or other highway, or any part thereof, within the limits of the city, for which a special tax is to be levied, as provided in this article, the council shall, by resolution, declare such work or improve-

ment necessary to be done, and shall cause the plans and specifications for such work and improvements, together with an estimate of the cost thereof, to be prepared by the city engineer, or other proper officer, and file with the city clerk subject to the inspection of the public, and cause such resolution to be published in some daily newspaper printed in the city for five consecutive issues, and if a majority of the resident owners of the property liable to taxation therefor, at the date of the passage of such resolution, who shall own a majority of front feet owned by residents of the city abutting on the street, avenue, alley, or highway, or part thereof, proposed to be improved, shall not, within ten days after the completion of such publication, file with the clerk of the city their protest against such improvements, then the city may, by ordinance, provide for the improvements, and the commissioner of streets and public improvements shall advertise for bids therefor, not less than five days advertisement being made in some newspaper published in the city.''

The record in this case shows that the Council of Joplin passed the preliminary resolution as provided in section 8136, Revised Statutes 1919, on June 23, 1916. The statute was complied with in respect to filing of specifications and estimates of City Engineer, and filed with the clerk the proper publication of the resolution. It is not contended that sufficient protests were made within ten days after the completion of the publication. Down to this point there is no question raised on the proceedings.

On July 11, 1916, a Special Ordinance to grade and pave was passed reciting that a grade ordinance had been passed, a resolution passed and published; that no protests were filed within the time allowed by law; that detailed plans, estimates and supplemental specifications were filed with the clerk.

It further directed the Commissioner of Streets to advertise for bids, and set July 18, 1916, as the date

upon which bids would be opened. It then, in section 4, provides the emergency clause heretofore set out. The advertisement for bids was published from July 12 to July 18th inclusive. On July 18, 1916, the City passed an Ordinance accepting the bid of respondent. Section 2 of that ordinance has an emergency provision as follows:

"Section 2. It being necessary that this ordinance shall go into effect as soon as possible in order that the work mentioned in said ordinance may proceed without interruption, it is necessary for the immediate preservation of the public peace and safety that this ordinance shall take effect from and after its passage. Therefore, an urgency exists as contemplated by the statutes of the State of Missouri relating to the passage of ordinances in cities of the second class, and this ordinance shall take effect and be in force from and after its passage.

Passed by the City Council this 18th day of July, 1916."

On November 27, 1917, an ordinance accepting the work of respondent and assessing a special tax bill was passed.

Appellants' specific charge against these tax bills goes to the advertisement for bids and acceptance of the bid of plaintiff, before the ordinance passed on July 11, 1916, had gone into effect. Appellants first contending that an ordinance to grade a street is not a subject to which an emergency clause can apply; and second, that if it could, then the form adopted and the reason contained therein is insufficient; and third, that with the emergency clause gone the thirty days as required by section 7990, Revised Statutes 1919, had not elapsed between the time the ordinance of July 11, 1916, was passed and the time of the advertisement for bids, and the acceptance of plaintiff's bid and contract to do the work, which was on July 18, 1916.

The view we take of this case eliminates a discussion of the emergency clause both as to the question of

substance as well as to that of form used. It is the contention of appellant that in order to comply with section 8136, Revised Statutes 1919, prescribing the procedure to be followed by second class cities in paving streets, the Council, to get jurisdiction of the matter, before it advertises for bids and passes an ordinance accepting a bid, must first have in force an ordinance providing "for the improvement," which in this case was the ordinance passed on July 11, 1916, and cites the case of Cushing v. Russell, 134 Mo. App. 650, 114 S. W. 555, in support thereof. The contention being that the charter provision governing the Russell case is the same in effect as section 8136, Revised Statutes 1919, and is different from the charter provision governing cities of the third class (Sec. 8324, R. S. 1919), and for that reason the cases of Springfield v. Weaver, 137 Mo. 650, 37 S. W. 509, 39 S. W. 276, Trenton v. Collier, 68 Mo. App. l. c. 489, and Smith v. Westport, 105 Mo. App. 221, 79 S. W. 725, are not authority under the charter provision we are dealing with.

We are unable to agree with the appellants in their construction of the statutes. As we view the provision, when the time for protest is up and everything has been followed up to that place then an ordinance may be passed (must be passed, City v. Eddy, 123 Mo. l. c. 558, 559, 27 S. W. 471), and again, after the time for protest is up the commissioner of streets shall advertise for bids. The duty of the commissioner is not dependent upon the ordinance but like the power to pass an ordinance is dependent upon the failure of property owners to protest.

There is nothing more in section 8136, Revised Statutes 1919, requiring that an ordinance shall have been passed and shall have gone into effect before the advertisement for bids is made and before there can be an acceptance of a bid than there is in section 8324, Revised Statutes 1919, governing cities of the third class.

Under the latter provision of the statute the Weaver case holds that on failure to protest "then the Council shall have power to cause improvements to be made," the ordinance required by the statute comes in time if it is passed when the bid is accepted, and that jurisdiction was acquired by the preliminary resolution and failure to protest. It seems to us that proceeding under section 8136, Revised Statutes 1919, when the resolution has been properly passed and published and time for protest had elapsed, then the city has jurisdiction to proceed by having its commissioner of streets advertise for bids and then also to pass the ordinance providing for the improvements. There is nothing in the act which indicates that "then," as used, is synonymous with "now" or "at this step," an ordinance must be passed before the city will have jurisdiction to cause advertisements for bids to be made and jurisdiction and power to accept bids. We construe "then the city may, by ordinance, provide for the improvements," to be in effect as the provision in third class charters, "then the council shall have power to cause such improvements to be made." Under the latter provision the Supreme Court in the Weaver case held that such ordinance was timely if it was passed after protest time had elapsed and before work was begun. The same reasoning requires us to hold that the advertisement for bids was timely and so was the ordinance accepting plaintiff's bid, and that in order to comply with section 8136, Revised Statutes 1919, it was not necessary to wait thirty days after the passage of the ordinance to pave had been passed, on July 11, 1916, before advertising for bids and before accepting bids.

The Russell case relied upon by appellant is no authority in this case, for under the charter provision governing these tax bills the charter there required no preliminary resolution but did require the passage of an ordinance in order to give the city the jurisdiction and permission to proceed.

We recently passed on a sewer tax bill case where a similar procedure under section 8132, Revised Statutes 1919, is required, and there we held that the ordinance setting forth the dimensions and materials might be passed before work was commenced and be in sufficient time under this statute.   [See Lee v. Rogers, 247 S. W. 1019.]

Our conclusion is that the procedure followed by the council in this case is within that prescribed in section 8136, Revised Statutes 1919, and that the trial court properly found the tax bills valid.   The judgment is affirmed.   *Cox, P. J.,* and *Bradley, J.,* concur.